Francis J. Donovan, J.
Plaintiff moves to enter default judgment. The notice of motion was served by mail. The action was begun by serving defendant by substituted service. Since more than one year has passed since the default, the complaint must be dismissed as abandoned unless plaintiff shows sufficient cause why such action .should not be taken (CPLR 3215, subd. [c]).
There is a serious question as to whether, defendant ever received notice of the action or of this motion.
The affidavit of the process server consists of a printed form. In a large open space he listed four dates on which he attempted service of the summons, but he sets forth no hour, no inquiry or search for defendant. The printed conclusion that he ‘ ‘ made proper and diligent effort to serve defendant ’ ’ is supported by no facts. It is the kind of affidavit that is easily prepared and, because of absence of detail, is unlikely to expose the maker to any perjury prosecution if false.
*346 There is nothing to show that defendant dwelt at the premises to which the summons was “ mailed and nailed ”.
The1 failure to answer the summons, and the default on this and a prior motion might well support an inference that defendant did not dwell there.
The plaintiff may ‘ ‘ mail and nail ’ ’ under subdivision 4 of CPLR: 308 only when he cannot serve under subdivisions 1 and 2. The affidavit fails to show any effort to find, or serve, a ‘ ‘ person of suitable age and discretion ” at the premises (CPLR 308, subd. 2).
The service of this summons was insufficient (Blatz v. Benschine, 53 Misc 2d 352; Goldner v. Reiss, 64 Misc 2d 785).
The only remaining question is: .should the court on its own motion vacate .service of the summons ?
In All-State Credit Corp. v. Defendants Listed in 669 Default Judgments (61 Misc 2d 677), the Appellate Term affirmed the action of Judge Pautauo of this court in dismissing on his own motion hundreds of actions where the service of summons was defective for failure to allege jurisdictional facts in the complaints. There is a growing concern with “ sewer service ” and other irregularities in the entering of default judgments (see, also, McKinneys Cons. Laws of N. Y., Book 7B, CPLR, Practice Commentary C308:2, p. 206).
Service of the summons is vacated and the complaint dismissed ;
(1) The summons was not properly served, and
(2) The plaintiff has not .shown sufficient cause why such action should not be taken.
This Opinion has been extended because the clerk of the court advised that this type of affidavit is in common use.
This opinion may be of assistance to clerks in exercising their discretion on applications to enter default judgments. The CPLR 3215 (snbd. [a]) provides that the clerk shall enter such judgments 1 ‘ upon submission of the requisite proof”. Affidavits of the kind discussed here, totally devoid of facts to show even a semblance of compliance with the statute are not11 requisite proof ”. A clerk may refuse to enter a judgment on such inadequate proof.