■ ESTHER GLIKMAN et al., Appellants, v ALBERT HOROWITZ, Respondent.—In a medical malpractice action, the plaintiffs appeal from an order of the Supreme Court, Kings County, dated October 7, 1977, which denied their motion to dismiss the first defense of defendant's answer, i.e., that the plaintiffs failed to obtain personal jurisdiction over the defendant because of improper service of process, and sustained the said defense. Order affirmed, without costs or disbursements. The sole issue raised on appeal is whether the plaintiffs obtained personal jurisdiction over the defendant pursuant to CPLR 308 (subd 2), i.e., by service of process upon a person of "suitable age and discretion" at the defendant's actual business address, plus mailing a second copy of the summons and complaint to the defendant's last known *residence.* It is undisputed that the process server mailed the second copy of the process to the defendant's *business* address, which address was plainly listed in the telephone directory as an "office". Process was never mailed to the defendant's residence as mandated by the statute. This court has previously held that, absent the intervention of equity, such a defect cannot be disregarded as a mere procedural "irregularity" inasmuch as the statute must be strictly complied with to confer personal jurisdiction (see *Chalk v Catholic Med. Center of Brooklyn & Queens,* 58 AD2d 822). We have examined the record and find that there exist no grounds for the application of the doctrine of equitable estoppel (see *Simcuski v Saeli,* 44 NY2d 442, 448-449). Hopkins, J. P., Damiani, Gulotta and Hawkins, JJ., concur.

■ ANNE S. JOHNSTON, Doing Business as MEADOW REAL ESTATE, Appellant, v JOSEPH DE CRISTOFARO et al., Respondents.—Appeal by plaintiff from an order of the Supreme Court, Suffolk County, dated September 23, 1977, which granted defendants' motion to vacate a default judgment entered against them for failing to appear in the action. Order reversed, on the law, with $50 costs and disbursements, motion denied and judgment reinstated. In our opinion, Special Term improvidently exercised its discretion in granting defendants' motion to vacate the default judgment. We find that defendants have not satisfied any of the five prerequisites mandated by CPLR 5015 for vacating a default judgment. Furthermore, the purported affidavit of merits is patently insufficient. The record is conducive to no conclusion other than defendants had decided to ignore plaintiff's summons and complaint. The belated motion to vacate, apart from its pleas for compassion, offers no tenable defense to the action. Hopkins, J. P., Damiani, Gulotta and Hawkins, JJ., concur.