■ ALICE BROWNELL et al., Respondents, v STANLEY FEINGOLD, Appellant. — In a medical malpractice action, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Balletta, J.), dated September 4, 1980, as, upon granting his motion for reargument or renewal, dismissed his affirmative defenses of lack of personal jurisdiction and Statute of Limitations. Order affirmed insofar as appealed from, with $50 costs and disbursements. The sole issue presented on this appeal is whether service of process, pursuant to CPLR 308 (subd 2), was properly effected by the plaintiffs. It is undisputed that, approximately two months prior to the expiration of the Statute of Limitations, the summons was delivered "to a person of suitable age and discretion" at the defendant's "actual place of business". The defendant argues, however, that the service was defective inasmuch as no copy was mailed to him at his "last known residence", as required by the statute. A copy of the summons was mailed to the defendant at 29 Frankie Lane, Bethpage, New York, 11714. The defendant's correct address is 29 Frankie Lane, Old Bethpage, New York, 11804. It is, of course, true that jurisdiction is not acquired pursuant to CPLR 308 (subd 2), unless both the "delivery" and "mailing" requirements have been strictly complied with (see *Feinstein v Bergner,* 48 NY2d 234; *Glikman v Horowitz,* 66 AD2d 814). However, we cannot agree with the defendant's suggestion that any mistake in the address to which the summons is mailed — no matter how minor — will render the service of process void. Where, despite an error in the address, it is virtually certain that the summons will arrive at the defendant's last known residence, the "mailing" requirement of "delivery and mail" service should be considered satisfied. In the case at bar, the fact that the summons was mailed to "Bethpage" rather than "Old Bethpage" could not have prevented it from reaching its intended destination. According to an affidavit of the Bethpage Postmaster, letters intended for Old Bethpage are frequently addressed, incorrectly, to the Bethpage Post Office. Where, as here, the letters are for homes on "Frankie Lane", they are routinely forwarded to the Old Bethpage Post Office, since there is no "Frankie Lane" in Bethpage. From there, they are delivered to their intended recipients. In the circumstances, we must conclude that the summons was mailed to the defendant's "last known residence" within the

meaning of the statute, and that jurisdiction over the defendant was obtained. Damiani, J. P., Mangano, Rabin and Gulotta, JJ., concur.