■ GEORGINA P. MALDONADO, Individually and as Administratrix of the Estate of JULIO MALDONADO, Deceased, Respondent, v LONG ISLAND JEWISH MEDICAL CENTER et al., Defendants, and SYLVESTER LEVY, Appellant.—In a negligence action to recover damages for wrongful death and personal injuries, etc., the defendant Sylvester Levy appeals from an order of the Supreme Court, Kings County (Levine, J.), dated June 23, 1988, which, after a hearing, denied his motion to dismiss the complaint insofar as it is asserted against him.

Ordered that the order is modified, on the law and the facts, by deleting the provision thereof which denied that branch of the motion which was to dismiss the first cause of action to recover damages for wrongful death insofar as it is asserted against the appellant, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with costs to the appellant.

The plaintiff's decedent died on September 19, 1985. The two-year Statute of Limitations for a wrongful death action expired on September 19, 1987 *(see,* EPTL 5-4.1 [1]). Although the summons and complaint were allegedly affixed to the appellant's door on September 18, 1987, the required mailing did not occur until after the limitations period had expired.

The plaintiff's attempt to toll the Statute of Limitations *(see,* CPLR 203 [b] [5] [i]) was unavailing as the summons and complaint were improperly filed with the Queens County Clerk rather than with the Nassau County Clerk. The appellant did not reside, work, nor do business in Queens County at the time of the filing. Further, the plaintiff had knowledge of the appellant's actual residence in Nassau County and did not make reasonable inquiry to ascertain the appellant's place of employment. Therefore, the tolling provision was not effectuated and the cause of action to recover damages for wrongful death must be dismissed as time barred.

However, the second cause of action to recover damages for personal injuries based upon negligence is not time barred as the appellant was clearly served within the applicable three-year Statute of Limitations *(see,* CPLR 214 [5]). Mangano, J. P., Bracken, Kunzeman and Spatt, JJ., concur.