■ SHIRLEY DONOHUE, Respondent, v JEROLD SCHWARTZ, Appellant.—Order, Supreme Court, New York County (Eve Preminger, J.), entered July 13, 1990, which denied defendant's motion to confirm the report of the Special Referee recommending dismissal of the action for lack of personal jurisdiction, and granted plaintiff's motion to dismiss defendant's affirmative defense of lack of personal jurisdiction, unanimously reversed, on the law, the motion to confirm the report granted, the motion to dismiss the affirmative defense denied, and the action is dismissed, with costs.

The issue of law raised on this appeal is whether the statute of limitations is tolled by the delivery of process to a person of suitable age and discretion pursuant to CPLR 308 (2), thus rendering without jurisdictional consequence a conceded failure to mail the process to either defendant's last known residence or actual place of business within the limitations period. (The purported delivery of process was made on January 25, 1988; there was no mailing until August 2, 1988; the act of medical malpractice on which the action is based occurred on January 21, 1986. We note that CPLR 308 [2] was amended, effective January 1, 1989, to require that the delivery and mailing occur within 20 days of each other. Our ruling herein is made only with reference to the statute as it read prior to the amendment.) IAS held that the statute is tolled by such a delivery (citing *Dominion of Canada Gen. Ins. Co. v Pierson,* 27 AD2d 484 [involving service of process pursuant to Vehicle and Traffic Law §§ 253 and 254]; *Browning v Nix,* 47 Misc 2d 709 [involving a failure to file proof of substituted service until after the statute of limitations had run]; *Esteves v Swobodzien,* 195 Misc 956 [also involving a failure to file proof of substituted service within the limitations period]), rejecting the Special Referee's recommendation to the contrary (citing, *inter alia,* the Second Department's decisions in *Booth v Lipton,* 87 AD2d 856; *Brownell v Feingold,* 82 AD2d 844; *Glikman v Horowitz,* 66 AD2d 814). This was error. We are in accord with the Second Department cases cited by the Special Referee clearly rejecting any such toll *(see also, Espy v Giorlando,* 85 AD2d 652, *affd* 56 NY2d 640; *Maldonado v Long Is. Jewish Med. Center,* 156 AD2d 431;

1 Weinstein-Korn-Miller, NY Civ Prac ¶ 308.13a; Siegel, NY Prac § 72 [2d ed]; *but see,* McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C308:2, at 303). There is no merit to any suggestion by plaintiff that the actual receipt of process excuses a failure to serve it in conformity with statute *(Feinstein v Bergner,* 48 NY2d 234, 241). In view of the foregoing, it is unnecessary to review the IAS court's finding of fact, also contrary to the recommendation of the Special Referee, that the process was delivered to a person of suitable age and discretion. Concur—Sullivan, J. P., Ellerin, Wallach, Ross and Smith, JJ.