■ LAWRENCE GREENBERG, Respondent, v RONALD J. ROSENBERG, Appellant, et al., Defendant.—In an action to recover damages, *inter alia,* for malicious prosecution and false arrest, the defendant Ronald J. Rosenberg appeals from so much of an order of the Supreme Court, Nassau County (Wager, J.), dated May 11, 1989, as, after a hearing, denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as it is asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the appellant is granted.

In order to avoid his claim being time barred by the Statute of Limitations, the plaintiff was required to serve the appel-

lant on or before December 23, 1986 *(see,* CPLR 203 [a], [b] [1]; CPLR 215 [3]). In this case, the plaintiff attempted to accomplish service by delivery and mailing pursuant to CPLR 308 (2). Although the summons and complaint were delivered to a person of suitable age and discretion at the appellant's place of business on December 22, 1986, process was not mailed until December 24, 1986, initially to the wrong address, and again on January 16, 1987, to the correct address.

Owing to the failure to complete both steps required under CPLR 308 (2) on or before December 23, 1986, the action is time barred against the appellant *(see, Matter of Zaretski v Tutunjian,* 133 AD2d 928, 929; *see also, Furey v Milgrom,* 44 AD2d 91, 91-93; Siegel, NY Prac § 72, at 95, n 16 [2d ed]). Rosenblatt, J. P., Miller, O'Brien and Ritter, JJ., concur.