OPINION OF THE COURT
Rosemary S. Pooler, J.
Defendant Mark Spratt moves for an order dismissing this action (which seeks damages for injuries sustained in a motor vehicle accident) on the ground that plaintiff Charles Spratt failed to achieve personal jurisdiction over him within the applicable three-year Statute of Limitations. (CPLR 214.)
*361 The motor vehicle accident in which Charles Spratt sustained his injuries occurred on July 23, 1988. On July 23, 1991, plaintiffs process server served a summons with notice on defendant’s father, Mark E. Spratt. No claim has been made that this part of the service under CPLR 308 (2) was insufficient. Mailing of the summons with notice took place within 20 days after service on defendant’s father (CPLR 308 [2]) but after the statutory period for commencement of a negligence action (CPLR 214) had expired.
The central question posed by this motion, then, is whether both acts of service (delivery to a person of suitable age and discretion and mailing) under CPLR 308 (2) must occur within the applicable Statute of Limitations or whether the performance of the first of these acts tolls the Statute of Limitations at least for the 20 days allowed by CPLR 308 (2) for performance of the second.
Prior to amendment in 1988, CPLR 308 (2) required only that both acts (delivery and mailing) take place. The statute was silent as to the length of time which could intervene between performance of the first act and performance of the second. Chapter 125, § 1 of the Laws of 1988 amended CPLR 308 (2) to provide that delivery and mailing must take place within 20 days of each other.
Two of the four Appellate Divisions of the State have construed the preamendment version of CPLR 308 (2) to require that both delivery and mailing occur within the Statute of Limitations. (See, Greenberg v Rosenberg, 174 AD2d 601 [2d Dept 1991]; Donohue v Schwartz, 174 AD2d 318 [1st Dept 1991].)
However the First Department specifically noted in Donohue (174 AD2d, at 318, supra): "that CPLR 308 [2] was amended, effective January 1, 1989, to require that the delivery and mailing occur within 20 days of each other. Our ruling herein is made only with reference to the statute as it read prior to the amendment.”
Neither counsel has called to my attention any cases interpreting the postamendment version of CPLR 308 (2) and I have not been able to find any. Nor do there appear to be any cases interpreting the postamendment version of CPLR 308 (4) which has a structure parallel to that of CPLR 308 (2) and which was similarly amended in 1988. This case appears, therefore, to be one of first impression.
I find that both delivery and mailing must be completed *362 within the applicable Statute of Limitations and that the statute is not tolled by performance of the first act even under the amended version of CPLR 308 (2). CPLR 308 (2) prior to amendment has been authoritatively interpreted as requiring the performance of both acts of service prior to the expiration of the Statute of Limitations. Absent a clear indication on the face of the statute, as amended, or in the legislative history, that the 1988 amendment was intended to change this requirement, I see no reason to depart from the holdings in Donohue (supra) and Greenberg (supra).
The amendments to CPLR 308 (2) contain no indication that they are intended to toll the otherwise applicable Statute of Limitations. They simply tighten and clarify the procedural requirements of CPLR 308 (2) by mandating that the two acts of service take place within 20 days of each other and by making it clear that either act can be the first to be performed.
Moreover, the legislative history contains no sign that the drafters intended to create a toll of the Statute of Limitations. Senator Volker’s memorandum to the Governor in support of the bill describes the purpose of the 20-day requirement as follows: “Current law dictates that proof of service must be filed with the clerk within twenty days. However, it does not provide how soon after delivery mailing must take place. Consequently, the mailing may be remote from the service on a person of suitable age. This bill would establish a requirement that mailing follows personal delivery or the affixing of the summons within a limited time.” (Mem of Senator Dale M. Volker in support of S5924-B.)
The Assembly sponsor of the bill similarly commented that under existing law, “no linkage exists between personal service and services [sic] by mail. As a result, a source of delay inherently exists in this area of civil justice.” (Letter from Sheldon Silver to Hon. Evan A. Davis, dated June 20, 1988.)
While the legislative history is admittedly sparse, it contains no hint of an intent to create an ability to toll the Statute of Limitations by performing one of the two required acts of service. Its apparent intent is to eliminate the careless practice of waiting a substantial period of time after the first act of service before performing the other (regardless of whether or not both occur within the Statute of Limitations).
Finally, since both acts of service are necessary to achieve jurisdiction over the defendant, it would appear inconsistent *363 to allow one of them to be taken after the Statute of Limitations has expired.*
Therefore, defendant’s motion to dismiss must be granted, plaintiff not having achieved personal jurisdiction over defendant within the applicable Statute of Limitations.

 In reaching this decision, I am not unaware of the concerns articulated by Judge McLaughlin. (McLaughlin, 1990 Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C308:4, 1992 Pocket Part, at 25-26.) It might indeed be good policy now that the Legislature has provided that only 20 days can intervene between delivery and mailing to allow the first act to toll the Statute of Limitations. However, only the Legislature can make that determination and it does not appear that it has.