■ BOWERY SAVINGS BANK, Respondent, v 130 EAST 72ND STREET REALTY CORP., Appellant, et al., Defendants.—Judgment of foreclosure and sale (denominated order) Supreme Court, New York County (Martin Schoenfeld, J.), entered on or about July 11, 1991, predicated, *inter alia,* upon the decision of said Court and Justice dated April 15, 1991, wherein plaintiff's motion to confirm the Referee's report was granted and defendant-appellant's cross-motion to vacate the Referee's findings and to direct a hearing *de novo* was denied, unanimously affirmed, with costs.

Plaintiff's counsel was advised by telephone by the assigned Referee that a hearing on the reference to compute would be conducted on October 31, 1990. In response to this advice, counsel prepared and forwarded to defendant-appellant's counsel, via Federal Express, a notice of said hearing, which was received October 25, 1990. Upon receipt of the Referee's order of reference on October 26, 1990, plaintiff's counsel that day served copies of that order with notice of entry upon all parties. A hearing was held resulting in the Referee's computation and recommendation to sell the property in question as one parcel, which was reflected in the court's decision to, *inter alia,* confirm and the judgment of foreclosure and sale entered thereon.

On the appeal, it is defendant's contention that the time afforded in which to prepare for the hearing was inadequate and that in any event the failure to annex a copy of the order of reference with notice of entry to the notice of hearing

requires reversal. We note that although appellant's receipt of the actual order of reference with notice of entry was delayed by an improper zip code, appellant actually received notice of the Referee's hearing six days prior to the scheduled event. In the circumstances, we find no hardship in the time frame allotted for the purposes of computing arrearages on the defendant's mortgage obligation. Nor is there any support for the argument which stresses priority of service of the order of reference with notice of entry either prior to or simultaneously with the service of notice of hearing. Concur—Sullivan, J. P., Milonas, Kupferman, Ross and Smith, JJ.