■ SIRARPI AVAKIAN, Individually and as Administratrix of the Estate of AKOP CHAMKERTENIAN, Deceased, Respondent, v RAFAEL DE LOS SANTOS, Appellant.—In an action to recover damages for medical malpractice, the defendant appeals from an order of the Supreme Court, Queens County (Posner, J.), dated May 22, 1990, which, after a hearing, granted the plaintiff's motion to strike the defendant's affirmative defense of lack of personal jurisdiction.

Ordered that the order is reversed, on the law and the facts, with costs, the motion is denied, the defendant's affirmative defense of lack of personal jurisdiction is reinstated and sustained, and the complaint is dismissed.

The sole issue presented on this appeal is whether the defendant was properly served with process in accordance with the requirements of CPLR 308 (2). The defendant concedes that on May 8, 1989, a summons with notice was delivered to his wife at their home at 9 William Street, Great Neck, New York. However, the defendant contends that service was never completed because he did not receive a duplicate copy of the summons with notice by mail. We note that actual receipt of the summons with notice does not preclude the defendant from challenging personal jurisdiction on the ground of improper service *(see, Raschel v Rish,* 69 NY2d 694).

Following a hearing, the Supreme Court found that the plaintiff had made a sufficient showing that the mailing had been made in compliance with the statute, and granted the plaintiff's motion to dismiss the defendant's affirmative defense of lack of personal jurisdiction. We disagree, and reverse.

At the hearing, the plaintiff called the process server as a witness. He described the delivery of the summons with notice

to the defendant's wife and the mailing of a duplicate copy to the defendant's address later that day. Although recognizing that a hearing court's assessment of the witnesses' credibility is ordinarily entitled to substantial deference on appeal *(see, Nagib v Tolette-Velcek,* 133 AD2d 72; *Altman v Wallach,* 104 AD2d 391), our review of the record leads us to conclude that the process server's testimony lacks probative value, and the plaintiff, therefore, failed to sustain the burden of proving by a preponderance of the evidence that jurisdiction had been properly obtained over the defendant *(see, Frankel v Schilling,* 149 AD2d 657).

The process server's affidavit of service reflects a mailing to "9 William Street, *New York,* N.Y." When confronted with this information, the process server gave assurances that the address on the affidavit of service was an erroneous transcription because at the same time he was preparing the paperwork relating to this action, he was also working on papers which he planned to deliver to William Street in Manhattan the next day. To the contrary, we find that this testimony raises serious doubts as to whether the envelope at issue was properly addressed to Great Neck, New York. Moreover, the affidavit of service does not set forth the defendant's zip code. Upon inquiry, the process server testified that he had indeed used a zip code, and that it was the same zip code as in the summons with notice. However, the zip code contained in the summons with notice was not the correct zip code for the defendant's address.

Additionally, during the hearing the process server asserted that he had included his address on the envelope as a return address, and that the subject summons with notice had never been returned to him by the postal service. However, this testimony was directly contradicted by the process server's statement in an affidavit which was produced at the hearing, to the effect that he had used the plaintiff's attorney's address as the return address.

The requirements of the statute require strict adherence *(see, Macchia v Russo,* 67 NY2d 592), and we, therefore, conclude that the evidence presented by the plaintiff was insufficient to demonstrate that a proper mailing occurred within the meaning of the statute *(see, Foster v Cranin,* 180 AD2d 712; *Beris v Miller,* 128 AD2d 822; *cf., Donohue v La Pierre,* 99 AD2d 570; *Brownell v Feingold,* 82 AD2d 844). Thus, the order appealed from is reversed and the defendant's affirmative defense of lack of personal jurisdiction is sus-

tained. Mangano, P. J., Bracken, Pizzuto and Santucci, JJ., concur.