OPINION OF THE COURT
Joan B. Lefkowitz, J.
Plaintiffs formed a holding company, H.F. Raab Plumbing & HVAC, Inc. (hereafter HVAC), to purchase the stock of two corporations, Henry F. Raab, Inc. and Henry F. Raab, Con *729 necticut, Inc. Defendant is a certified public accountant who prepared a financial statement, dated June 30, 1990, for the shareholders of Henry J. Raab, Inc. That statement was delivered on August 16, 1990. A closing was held on August 20, 1990.
The agreement between the buyers and sellers (but not defendant) called for arbitration on price adjustments, which was subsequently held and HVAC was awarded $85,000. Thereafter, an action for damages under various theories was commenced by HVAC against defendant in the United States District Court, Southern District of New York but was abandoned. Subsequently, the instant action was commenced, by filing the summons and complaint on August 18, 1993, asserting three causes of action: (1) negligence in preparation or certification of financial documents; (2) breach of contract; and (3) fraud. The amended complaint is not verified. Defendant served an unverified answer asserting various affirmative defenses including lack of jurisdiction and Statute of Limitations.
Defendant moves to dismiss the complaint for lack of jurisdiction, for failure to state a cause of action and as barred by the Statute of Limitations. The motion also seeks to disqualify plaintiffs’ counsel for failure to maintain a New York office.
JURISDICTION
Service was attempted on September 3, 1993 at 8:30 a.m. (a Friday), September 4, 1993 at 7:30 a.m. and 3:30 p.m., and September 7, 1993 at 4:30 p.m. A copy of the summons and complaint was left at the front door. The process server says he affixed it with tape to the door. Defendant says he found it wedged between the screen and front doors. Mere wedging is insufficient under CPLR 308 (4) and what is required is nailing, taping or some other device to insure adherence. (PacAmOr Bearings v Foley, 92 AD2d 959 [3d Dept 1983].) The mode of affixation, therefore, requires a hearing as a factual issue thereon is presented.
Defendant also argues that "due diligence” was not established under CPLR 308 (4) by the process server’s efforts at his home and that the server was obligated to ascertain his place of employment as the complaint indicated he was a professional accountant. Defendant claims his office is located in the same town where he lives and could be ascertained by reading the telephone directory.
*730 On this issue the court finds that "due diligence” was exercised in the number of attempts, four, on three different days at different hours. (Matos v Knibbs, 186 AD2d 725 [2d Dept 1992].) While service was attempted at defendant’s residence over the Labor Day weekend in 1993, he claims he was home Friday morning, September 3, 1993, and at work September 4 and 7, 1993, so that the fact service was attempted on a holiday weekend is of no moment. Also, while the process server may have a duty to attempt to ascertain defendant’s place of employment when such appears in the summons or complaint (Pizzolo v Monaco, 186 AD2d 727 [2d Dept 1992]), that is not the case at bar. Indeed, the documentary evidence merely shows an office on Route 22 in Bedford, New York, without a street address or number.
The affidavit of service shows that the mailing to defendant’s residence occurred after September 7, 1993 and before September 24, 1993, when the affidavit was sworn to. The affidavit of service was filed on September 29, 1993. The process server, in an affidavit submitted on this motion, states that shortly after September 7, 1993, he mailed a copy of the summons and complaint to defendant at his residence. Defendant does not raise the issue whether such mailing occurred within 20 days of the affixing as required by a 1988 amendment to CPLR 308 (4) (L 1988, ch 125, § 2). It has been held that the timeliness of the mailing is jurisdictional. (New York State Higher Educ. Servs. Corp. v Palmeri, 167 AD2d 797 [3d Dept 1990]; see, Mem of Off of Ct Admin, 1988 McKinney’s Session Laws of NY, at 2443.) Since a hearing has been directed on other issues whereby the process server should testify, the question of the timeliness of the mailing should be definitively resolved thereat.
Additionally, defendant argues that the affidavit of service shows the wrong zip code and misspells the name of the town where he resides, as Bedfrod instead of Bedford. Since defendant denies receipt by mail and there are other alleged service defects to be resolved at a hearing, the issue of whether mailing occurred must be resolved thereat. (Kanner v Gerber, 197 AD2d 673 [2d Dept 1993]; Poet v Kolenda, 142 AD2d 633 [2d Dept 1988].)
The fact that had the mail been sent from the wrong postal office to the right one, it would have been delivered is of no moment where, here, the postal authorities indicate that the badly addressed mail probably would not have been redirected to the Town of Bedford. (Cf., Brownell v Feingold, 82 AD2d *731 844 [2d Dept 1981].) Thus, the hearing must resolve the question whether a proper mailing occurred. (Avakian v De Los Santos, 183 AD2d 687 [2d Dept 1992].) The fact that defendant received notice of the action does not cure procedural jurisdictional defects. (Raschel v Rish, 69 NY2d 694 [1986]; Macchia v Russo, 67 NY2d 592 [1986].)
The fact that the jurisdictional (and limitations) defenses are asserted in an unverified answer in violation of CPLR 3019 (c) is of no moment since the pleading was never rejected. (CPLR 3022.)
Plaintiffs urge that the jurisdictional issue was waived by agreement between counsel on defense counsel’s acceptance of the amended complaint. Defense counsel denies such agreement and the documentary evidence does not support plaintiffs’ contention of waiver.
LIMITATIONS
Defendant argues that the appropriate period of limitation for the first cause of action in negligence/malpractice is three years. (CPLR 214 [5], [6].) He contends that assuming due diligence in service, both elements of nail and mail had to be made prior to expiration of the period of limitation. At bar, the three-year period expired on August 20,1993.
The action was commenced by filing on August 18, 1993. Service, if proper, was made in September 1993. Under the former commencement by service provisions it was held that delivery and mailing both must occur within the Statute of Limitations. (Greenberg v Rosenberg, 174 AD2d 601 [2d Dept 1991]; Maldonado v Long Is. Jewish Med. Ctr., 156 AD2d 431 [2d Dept 1989].) However, that principle is abrogated by the commencement by filing provisions (L 1992, ch 216). Under CPLR 304 an action is commenced by filing the summons and complaint. Pursuant to CPLR 203 (c), in an action commenced by filing, the claim is interposed upon the filing (CPLR 203 [c] [2]). While no decision has been reported on this question, the commentators agree that the former requirement of delivery and mailing within the period of limitations is rendered academic by reason of the commencement by filing legislation. (Siegel, NY St L Dig No. 395, at 3 [Nov. 1992]; Alexander, Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 203, 1994 Pocket Part, at 18; Alexander, Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 308, 1994 Pocket Part, at 64.)
*732 The court holds that the first cause of action was timely interposed on the filing of the summons and complaint. If it is later determined that service was defective under CPLR 308 (4), plaintiffs are accorded an additional 120 days from the dismissal to effect proper service. (CPLR 306-b [b].)
DISMISSAL ON MERITS
That portion of the motion to dismiss the second cause of action for breach of contract is granted as there is no proof of any contract between plaintiffs and defendant.
However, that part of the motion to dismiss the first cause of action is denied as plaintiffs have demonstrated a relationship with defendant approaching privity. (Credit Alliance Corp. v Andersen & Co., 65 NY2d 536 [1985]; see, Prudential Ins. Co. v Dewey, Ballantine, Bushby, Palmer & Wood, 80 NY2d 377 [1992].)
That branch of the motion directed towards the third cause of action, in fraud, is denied. The claim is sufficiently pleaded. (CPLR 3013, 3016 [b]; Banner Indus. v Schwartz, 181 AD2d 479 [1st Dept 1992].)
DISQUALIFICATION OF COUNSEL
That portion of the motion to disqualify plaintiffs’ counsel under section 470 of the Judiciary Law is denied. (Matter of Scarsella, 195 AD2d 513 [2d Dept 1993]; Austria v Shaw, 143 Misc 2d 970 [Sup Ct, NY County 1989].)
CONCLUSION
That portion of the motion to dismiss the complaint is granted as to the second cause of action and is otherwise denied. That part of the motion to dismiss for lack of jurisdiction is denied without prejudice to renewal after a hearing to be held limited to the issues of the mode of affixation, whether there was a mailing made within 20 days of affixation and, if so, was it a proper mailing?
That branch of the motion to disqualify counsel is denied.