*785 OPINION OF THE COURT
Doris Ling-Cohan, J.
Before this court are two applications for warrants of eviction and judgments of possession. Both were submitted for the court’s signature by petitioner landlord (landlord) New York City Housing Authority (NYCHA) after respondents tenants (tenants) defaulted in a summary proceeding for nonpayment of rent.[1] The affidavits of service for both tenants allege a "nail and mail” method of service, pursuant to RPAPL 735. Each of the affidavits of service indicate that copies of the notice of petition and petition were mailed to the tenant’s building address without a zip code.[2]
I. ISSUE
The issue presented by these applications is whether service of process, made pursuant to RPAPL 735, is proper when the affidavit of service indicates that the petition and notice of petition were served by substituted service, and the allegation of mailing fails to include the tenant’s full address in that it lacks the zip code.
II. BACKGROUND
A. Service of Process in a Nonpayment Proceeding
RPAPL 735 governs the service of process in a landlord-tenant proceeding for nonpayment of rent. A nonpayment proceeding is a summary proceeding. (RPAPL art 7.) A summary proceeding commenced under RPAPL article 7 is a special proceeding governed entirely by statute requiring strict compliance with the statutory mandates to give the court jurisdiction. (Berkeley Assocs. Co. v Di Nolfi, 122 AD2d 703 [1st Dept 1986], lv dismissed 69 NY2d 804 [1987]; see also, Liberty *786 Place Holding Corp. v Adolph Schwob, Inc., 136 Misc 405 [App Term, 1st Dept 1930], affd 229 App Div 841 [1st Dept 1930].)
RPAPL 735 permits substituted service of the petition and notice of petition by leaving copies of the notice and petition with a person of suitable age or discretion or by affixing a copy of the notice and petition upon a conspicuous part of the premises. The papers must then be sent by registered or certified mail, and by regular mail. (RPAPL 735 [1].) A detailed discussion of RPAPL 735 is provided below. (See, IV.)
B, Definition of "Address”
Preliminarily, it is necessary to define "address” for the purpose of determining whether there were proper mailings in these proceedings. The concept of an "address” necessarily implies the ability to be able to locate it. (Goldstein v Perez, 133 Misc 2d 303, 305 [Civ Ct, Kings County 1986].)
In this matter it is appropriate to look to the United States Postal Service for guidance on the definition of "address” as the service alleged involved a mailing utilizing that agency. As stated by the United States Postal Service (USPS):
"The delivery address specifies the location to which the USPS is to deliver a mailpiece * * * [T]he mailpiece must have the address of the intended recipient, visible and legible * * * All mail * * * must bear a delivery address * * * that contains at least the following elements in this order:
"a. Intended recipient’s name or other identification.
"b. Street and number. (Include the apartment number * * *)
"c. City and state * * *
"d. ZIP [sic] Code”. (Domestic Mail Manual 47 [DMM 47], Apr. 10, 1994, at A-l — A-2.)
The USPS further defines a "complete address” as one that has "all the address elements”. (Id., at A-3 [emphasis supplied].) Address elements forming a "complete address” include:
"a. Addressee name or other identifier ■* * *
"c. Street number and name
"d. Secondary address unit designator and number (such as an apartment or suite number (APT 202, STE 100).
"e. City and state (or authorized two-letter abbreviation) * * *
"f. Correct 5-digit ZIP [sic] Code or ZIP [szc] +4 code”. (DMM 47, at A-3.)
*787 The purpose of the zip code system is to "facilitate efficient mail processing”. (Id., at A-2.) According to USPS, the lack of zip code is significant as "nondelivery of mail can result from * * * (b) Incomplete, illegible, or incorrect address”. (Domestic Mail Manual 43, June 21, 1992, § 159.11, at 280.)
III. DUE PROCESS REQUIREMENT
It is well settled that: "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.” (Mullane v Central Hanover Trust Co., 339 US 306, 314 [1950].)
The question is whether failure to include the zip code in a mailing renders the mailing so unlikely to succeed as to constitute a deprivation of due process. As discussed below at sections IV and V, the law in this State, as defined by regulation and judicial interpretation, is that a zip code is an essential element of an address.
Thus, in the within cases, by not including the zip codes, the landlord chose a means of service not reasonably calculated to inform the tenants of the proceedings and afford the tenants a timely opportunity to be heard. The affidavits of service submitted do not reflect that mailings were made to a complete address which included a zip code. The lack of zip code (an incomplete address) could cause delays or perhaps even nondelivery (see, II [B] above), resulting in a default judgment against the tenant when the tenant has not been fully and timely notified. Here, under the circumstances, there is a strong possibility that the tenants were not apprised of the pendency of the proceedings, thereby denying them the opportunity to defend. The consequence of a lack of notice or delay in notice and a subsequent default, in the context of a nonpayment proceeding, is severe and may result in homelessness. Thus, this court holds that a mailing without a complete address, which includes a zip code, made pursuant to RPAPL 735, violates due process.
IV. STATUTORY AND REGULATORY REQUIREMENTS
In addition to the failure to satisfy due process, the landlord has not satisfied the regulatory and statutory requirements for service of process. It is well settled that summary proceedings are solely statutory creations and, thus, in order for courts to *788 assert jurisdiction, there must be strict compliance with the statute. (See, Grayson v 240 Cent Park S., 36 NYS2d 293, 294 [App Term, 1st Dept 1942]; Dulberg v Ebenhart, 68 AD2d 323, 328 [1st Dept 1979] [citing Rasch, New York Landlord and Tenant — Summary Proceedings § 1001 (2d ed)]; Berkeley Assocs. Co. v Di Nolfi, supra, 122 AD2d, at 705; 14 Carmody-Wait 2d, NY Prac § 90:8.)
A, RPAPL 735
RPAPL 735 permits substituted service of the petition and notice of petition by leaving copies with a person of suitable age or discretion or by affixing a copy of the notice and petition upon a conspicuous part of the premises. That section provides, in relevant part:
"1. Service of the notice of petition and petition shall be made by personally delivering them to the respondent; or by delivering to and leaving personally with a person of suitable age and discretion * * * or if admittance cannot be obtained and such person found, by affixing a copy of the notice and petition upon a conspicuous part of the property sought to be recovered or placing a copy under the entrance door of such premises; and in addition, within one day after such delivering to such suitable person or such affixing or placement, by mailing to the respondent both by registered or certified mail and by regular first class mail,
"(a) if a natural person, as follows: at the property sought to be recovered, and if such property is not the place of residence of such person and if the petitioner shall have written information of the residence address of such person, at the last residence address as to which the petitioner has such information”. (RPAPL 735 [emphasis supplied].)
Simply put, mailing to the tenant’s address is a necessary component of substituted service; the papers must be mailed by registered or certified; and by regular mail. (RPAPL 735 [1].)
B. Regulations and Rules
The regulations promulgated by the New York City Department of Consumer Affairs mandate that all process mailed pursuant to RPAPL 735 (1) is required to "include on the envelope as part of the address the proper zip code of the person served.” (6 RCNY 2-238 [emphasis supplied].) The importance of the use of the zip code is underscored in that it is a mandatory element of the address on the postcard mailed to the ten *789 ant by the Civil Court itself: "The face of the postcard shall be addressed to the respondent at the premises * * * and shall contain the respondent’s name, address (including apartment number) and ZIP [sic] code.” (22 NYCRR 208.42 [i] [l].)[3]
V. Judicial Precedent
A proper mailing requires the use of a zip code. In at least two departments, appellate courts have recognized the importance of zip codes. (See, Avakian v De Los Santos, 183 AD2d 687 [2d Dept 1992]; Lawrence v Ellis Agency, 138 AD2d 980 [4th Dept 1988].) In addition, appellate courts have recognized the necessity of mailing to a correct and complete address. (See, Foster v Cranin, 180 AD2d 712 [2d Dept 1992].)
In the context of CPLR 308, the analogous plenary action service statute, the Appellate Division, Second Department, found that an improperly addressed mailing does not comply with the statute. (Avakian v De Los Santos, supra, 183 AD2d, at 688.) In Avakian, the affidavit of service did not include the defendant’s zip code.[4] In addition, it contained the wrong city name and the process server used an incorrect zip code for the defendant’s address on the notice of summons. The Appellate Division held that a proper mailing of the summons within the meaning of the statute was not demonstrated.[5]
In Foster v Cranin, the Second Department dismissed a complaint where process, made pursuant to CPLR 308, was mailed to an incorrect and incomplete address. (180 AD2d 712, supra.) The Appellate Division stated that the service statute should be strictly construed. (Supra; see also, Macchia v Russo, 67 NY2d 592, 594 [1986] [notice received by means other than those authorized by statute does not bring a defendant within the jurisdiction of the court].)
*790 Although Lawrence v Ellis Agency did not involve service of process, the Appellate Division for the Fourth Department recognized that a wrong zip code resulted in "substantial delay”. (Lawrence v Ellis Agency, supra, 138 AD2d, at 981. In Lawrence, the respondent moved the Court to dismiss appellant’s appeal because the notice of appeal was not timely filed. The Appellate Division found that respondent failed to .use appellant’s correct zip code when serving the judgment, thereby causing the appeal not to be timely filed and served. The Appellate Division denied respondent’s motion to dismiss, reasoning that the wrong zip code was more than a mere "irregularity”; it substantially delayed the delivery of judgment. (Supra.)
Even the failure to include an apartment number on a mailing has been deemed to render service fatally defective. (187 Concourse Assocs. v Ortiz, 19 HCR 247A [Civ Ct, Bronx County 1991].) In 187 Concourse Assocs., the court found that the tenant did not receive the papers when the process server mailed the envelope without including the apartment number. The court concluded that sending a letter to a person without the apartment number is "tantamount to not trying to reach that person at all.” (Supra, at 249.)
Similarly, when the mailing fails to include the zip code, effective service to give notice is unlikely to succeed within the limited time allotted in a summary proceeding. As stated in 187 Concourse Assocs., "[T]he method of service must not be unlikely to succeed or predestined to failure, or the Court may find it equivalent to no attempt at all.” (Supra, quoting 161 Williams Assocs. v Coffee, 122 Misc 2d 37 [Civ Ct, NY County 1983].)
As in Avakian (supra), the affidavits of service for both of the cases before the court fail to include the tenant’s zip code. Thus, this court cannot find the mailing to be proper. In accordance with Lawrence (supra), this court will not punish a tenant with a default judgment when the notice and the petition were sent without including a zip code in the mailing, which could have resulted in either delay or nondelivery. In addition, this court finds the cases at bar even more compelling than the factual situations present in Avakian and Lawrence, in that there it was undisputed that the party received the papers (albeit only one copy served on the spouse in Avakian and late receipt of the mailing in Lawrence). Here, there is no reason to believe that the tenants received process, late or otherwise, because the tenants have defaulted in answering the petition. Moreover, unlike Avakian, in the instant cases, both tenants *791 have failed, to answer at all.[6] Therefore, the tenants’ failure to answer the petition strongly supports an inference that the tenants were not properly served and did not receive the papers. Also, the cases at bar present even more compelling facts than 187 Concourse Assocs. (supra) because without an apartment number, mail will still arrive at the actual building. On the other hand, without a zip code the mailing will not arrive promptly, if there is any delivery at all. (See, II [B] above.) Moreover, this court cannot say that it is "virtually certain” the notices of petitions and petition arrived absent the zip code. (See, Brownell v Feingold, 82 AD2d 844 [2d Dept 1981].)
Although some courts have held that an improper zip code is not fatal, they did so only when the complaining party had in fact received the papers. (See, Bowery Sav. Bank v 130 E. 72nd St. Realty Corp., 180 AD2d 559 [1st Dept 1992] [holding that although notice of Referee’s hearing was delayed by improper zip code, defendant received notice six days prior to scheduled hearing];[7] see also, 463 E. 168th St. HDFC v Woods, 23 HCR 309A, NYLJ, May 31, 1995, at 27, col 1 [Civ Ct, Bronx County]; HPD v Selca, 14 HCR 251A [Bronx Housing Ct]; cf., Brownell v Feingold, 82 AD2d 844, supra [Postmaster submitted an affidavit attesting that the use of the city name "Old Bethpage” as "Bethpage” in the address to which summons was mailed would not necessarily mean nondelivery because mail was routinely forwarded, thereby establishing that it was "virtually certain that the summons will arrive” (emphasis added)].)[8] The Court of Appeals has held that in a challenge to service of process, the fact that the contesting party has received prompt notice of the. action is of "no moment”. (Macchia v Russo, supra, 67 NY2d, at 595; accord, Avakian v De Los Santos, 183 AD2d 687, supra; see also, Feinstein v Bergner, 48 NY2d 234, 241 [1979]; Moran v Harting, 161 Misc 2d 728 [Sup Ct, Westchester County 1994], judgment revd in part 212 AD2d 517 [2d Dept 1995].)
*792 Because the affidavits of service in these cases do not indicate proper service and, as this court is concerned with the practice of "sewer service”[9] (see also, Career Placements v Sibilia, 71 Misc 2d 345, 346 [Nassau Dist Ct 1972] [noting McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C308:2, at 206 (1972 ed)]; Feinstein v Bergner, supra, 48 NY2d, at 243 [dissenting opinion of Judge Fuchsberg acknowledging an "unfortunate and scandalous penchant for 'sewer service’ ” on the part of some "frustrated process servers”]), this court has a duty to scrutinize the papers submitted on default in conformance with Matter of Brusco v Braun (199 AD2d 27 [1st Dept 1993], affd 84 NY2d 674 [1994]).[10] Although the Court of Appeals decision in the case of Matter of Brusco v Braun requires that judgment be rendered upon a tenant’s default, the petitioner in Brusco had submitted a "petition proper in form and substance demonstrating] grounds for relief and the supporting papers established] proper service on the *793 tenant”, prior to the granting of the default judgment. (84 NY2d, at 679 [emphasis supplied].) In the cases before this court, there is a question as to the sufficiency of service in that the affidavits submitted in support of service are facially defective because they indicate a mailing without a zip code. The "[C]ivil Court judges assigned the task of entertaining applications for entry of default final judgments in nonpayment proceedings do not function as mere automations [sic]. They should examine the pleadings, check affidavits of service, and identify patterns of fraud which may become apparent in the course of dealing with a large number of proceedings.” (Central Park Gardens v Ramos, NYLJ, Apr. 9, 1984, at 12, col 6 [App Term, 1st Dept].)
VI. CONCLUSION
Proper service is required for jurisdiction. (See, e.g., Macchia v Russo, 67 NY2d 592 [1986], supra; see also, Flannery v General Motors Corp., 214 AD2d 497 [1st Dept 1995], affd 86 NY2d 771 [1995].) The result of an improper service is dismissal. (See, Roysen Enters. v Gordon, NYLJ, Jan. 26, 1993, at 21, col 5 [App Term, 1st Dept]; 187 Concourse Assocs. v Ortiz, supra, at 249 [citing East 88th St. Corp. v Thornhill, 84 NYS2d 794 [App Term, 1st Dept 1948]; Judd Estates v Zimmerman, 127 NYS2d 68 [App Term, 1st Dept 1953].) "If improper service or a true jurisdictional defect taints a proceeding, final judgment in landlord’s favor may not be entered upon tenant’s default.” (Central Park Gardens v Ramos, NYLJ, Apr. 9, 1984, at 13, col 1, supra; see also, Roysen Enters. v Gordon, NYLJ, Jan. 26, 1993, at 21, col 5, supra; Scherer, Residential Landlord-Tenant Law in New York § 10:36, at 10-9 [1995 ed].)
As summary proceedings, unlike actions, are expedited proceedings and have a shortened time frame,[11] this court holds that service is defective in a summary proceeding where a mailing was required and a zip code was not used. In the context of summary proceedings, it is particularly necessary for tenants to receive process in a timely manner because they must answer within a shortened period of time.[12] (RPAPL 732.) Unlike a plenary action, respondents in a summary proceeding *794 are given less time to answer.[13] Any delay in receipt may result in an unjustified default. Therefore, zip codes are significant and particularly necessary in summary proceedings.
The court has a duty to maintain fairness to the parties involved and protect the constitutionally guaranteed right of due process. This court holds that a mailing without a full address that includes a zip code, made pursuant to RPAPL 735, violates due process in that it provides insufficient notice and denies the tenant an opportunity to be heard in a timely manner. Here, the fact that the tenants defaulted supports the inference that the tenants were not properly served because the mailings lacked a zip code.
Accordingly, for the foregoing reasons, this court finds that proper and sufficient proof of substituted service in accordance with RPAPL 735 has not been presented. Personal jurisdiction was not obtained over both tenants. Therefore, the applications for default judgments are denied by the court and the petitions are dismissed for failure to mail to the tenants’ complete mailing address, which includes a zip code.

. The Part 18 presiding Judge is presented with an average of over 100 warrants for signature each day. A significant number of them do not contain a zip code in the mailing portion of the affidavit of service, even though a mailing had been alleged.

. In the affidavit of service for tenant Kim Fountain, it states that the process server mailed "by certified and by regular first class mail by depositing in a post office (box) regularly maintained by the Government of the United States at G.P.O. in the Borough of Bronx, City of New York, true copies of the notice of petition and petition properly enclosed in a separate [sic] post paid wrapper addressed to each of the tenants named therein at No. 360-2E137 16E, Borough of Bronx, City of New York”. The affidavit submitted for tenant McCormick is identical except for the street and apartment number. Both affidavits of service do not indicate that the mailings included a zip code.

. In a summary proceeding under RPAPL article 7, there is a postcard form of notification (postcard rule) in which the petitioner must submit a preaddressed written notice to the clerk’s office. The clerk then mails out the postcard to the respondent. Default judgment for the respondent’s failure to answer cannot be entered if the petitioner fails to comply with this rule.

. The instant cases present stronger facts than in Avakian (supra). There, the defendant concededly received a summons by delivery to his wife at their home. Defendant, however, contended that service was never completed because he did not receive a duplicate copy by mail. The Appellate Division stated: "We note that actual receipt of the summons with notice does not preclude the defendant from challenging personal jurisdiction on the ground of improper service”. (Supra, at 687 [citation omitted].)

. In Avakian (supra) the facial deficiencies of the affidavit of service were not permitted to be remedied by the testimony of the process server. (Supra, at 687.)

. In Avakian (183 AD2d 687, supra), the defendant was able to answer because he received substituted service through delivery on his wife, but contested jurisdiction because the mailing was addressed to the wrong zip code. (Supra, at 687.)

. Moreover, this case is distinguishable on other grounds in that it did not involve service of process, only a notice of a Referee’s hearing, and thus did not affect jurisdiction.

. In Brownell (supra) it was undisputed that the summons had been delivered to a person of suitable age and discretion. Moreover, in the instant cases, unlike in Brownell, it cannot be stated that it was "virtually certain” that the mailings in fact arrived absent the zip codes.

. The New York State Attorney-General and two City agencies have investigated service of process cases and found that 95% of the process servers reviewed had engaged in "sewer service”, while 40% of the cases examined involved the "Superman” syndrome — process servers claiming three or more services at different locations at the exact same time. (A Joint Investigative Report Into the Practice of Sewer Service in New York City by the NYS Attorney General, NYC Dept of Consumer Affairs, & NYC Dept of Investigation, at 2 [Apr. 1986].) Further, they found that default judgments were entered in at least one out of every five cases of sewer service they uncovered. (Ibid.) Judges have recognized that questionable service practices occur. (See, e.g., Leader House Assocs. v Reyes, NYLJ, Feb. 16, 1983, at 13, col 3 [Civ Ct, NY County] [the court questioned the sufficiency of the service of process in 341 out of 524 default judgment applications].)

. In Brusco (supra), an attorney had personally served the notice and petition upon the tenant, the petition had been verified by the petitioner on personal knowledge, and the tenant failed to appear before the clerk of the court. Upon the petitioner’s request for a default judgment and warrant to evict, the matter was set down on a "Judgment and Warrant Residential Default Applications Calendar”. The presiding Civil Court Judge scheduled an inquest. The petitioner then brought a CPLR article 78 proceeding in the nature of a mandamus. The Supreme Court dismissed the petition. On appeal, the Appellate Division affirmed and modified. (199 AD2d 27 [1st Dept 1993], supra.) Affirming the Appellate Division, the Court of Appeals held that because the "[p]etitioner has complied with all the procedural requirements of RPAPL article 7: the petition was verified upon personal knowledge of the landlord (RPAPL 721, 741) and the notice of petition and petition were personally served upon the tenant (RPAPL 735). Inasmuch as there was no question regarding the sufficiency of the petition or the service and the tenant failed to answer, respondent was required by RPAPL 732 (3) to render judgment in favor of petitioner.” (84 NY2d, at 681 [emphasis supplied].) As indicated, the affidavits of service in the cases at bar raise questions as to the sufficiency of service.

. Summary proceedings are governed by CPLR article 4 (See generally, Siegel, NY Prac § 572, at 900 [2d ed].)

. RPAPL 732 (1), applicable to nonpayment proceedings, requires that the "notice of petition shall be returnable before the clerk, and shall be made returnable within five days after its service”. RPAPL 732 (3) further provides that "[i]f the respondent fails to answer within five days from the *794 date of service, as shown by the affidavit or certificate of service of the notice of petition and petition” judgment shall be entered for the petitioner. Thus, the tenant must answer within five days, a very short time period. As to proceedings other than nonpayments, RPAPL 733 (1) requires that "notice of petition and petition shall be served at least five and not more than twelve days before the time at which the petition is noticed to be heard.” Thus, the tenant must be served between 5 and 12 days prior to the scheduled hearing date. At most, the tenant has 12 days’ notice.

. In a plenary action the defendant has a minimum of 20 days to answer. (See, CPLR 3012.)