OPINION OF THE COURT
Lucy Billings, J.
This action seeks attorneys’ fees for plaintiffs legal services to defendant. Defendant has moved to dismiss the complaint based on lack of personal jurisdiction. (CPLR 3211 [a] [8].) This motion requires the court to determine whether a correct zip code is necessary for the mailing following substituted service on a person of suitable age and discretion at the place of business or dwelling of the person to be served.
*360 Plaintiff alleges that the summons and complaint in this action were served March 10, 1997, by substituted service on defendant’s wife, who is described in the affidavit of service, followed by mailing to defendant at 406 Mariner Drive, Jupiter, Florida 33458.
I. Delivery to a Person of Suitable Age and Discretion
In her first affidavit, defendant’s wife alleges she was never “personally handed” the summons and complaint. (Affidavit of Beeyan Cirincione 3.) The delivery requirement of CPLR 308 (2) is satisfied by leaving the summons and complaint in the vicinity, even outside the door, of the person being served upon her resistance or refusal to accept the papers, as long as she is made aware they are being left. (Bossuk v Steinberg, 58 NY2d 916, 918 [1983]; Charnin v Cogan, 250 AD2d 513, 518 [1st Dept 1998]; Duffy v St. Vincent’s Hosp., 198 AD2d 31 [1st Dept 1993].) In that first affidavit, defendant’s wife does not deny that the summons and complaint were left with her via personal delivery or that she received them on March 10, 1997. Although she also never disputes the process server’s description of her, in her reply affidavit she expands upon her earlier statement and denies that the summons and complaint were “left with me on March 10, 1997 or any other date.” (Affidavit in reply of Beeyan Cirincione ¶ 4.)
II. The Follow-Up Mailing
Second, defendant’s correct zip code is 33477, not 33458. Plaintiff does not dispute that the required follow-up mailing was addressed to the incorrect zip code, but contends that the correct zip code was not necessary for delivery to defendant. As evidence supporting that conclusion, plaintiff points to defendant’s responses to plaintiff’s correspondence to defendant at the incorrect zip code, which defendant does not deny.
Actual receipt of papers generally is irrelevant to whether service is proper. (Raschel v Rish, 69 NY2d 694, 697 [1986]; Laino v Cuprum S.A. de C.V., 235 AD2d 25, 32 [2d Dept 1997]; Avakian v De Los Santos, 183 AD2d 687 [2d Dept 1992].) In determining the necessity of a correct zip code as part of a postal address and for notices of legal proceedings, however, the ability to locate the address and effect delivery are considerations. (Bowery Sav. Bank v 130 E. 72nd St. Realty Corp., 180 AD2d 559, 560 [1st Dept 1992]; Kemp v Monroe County Bd. of Elections, 129 Misc 2d 491, 492 [Sup Ct, Monroe County 1985]; Goldstein v Perez, 133 Misc 2d 303, 305 [Civ Ct, Kings County 1986].) An incorrect zip code may delay delivery, providing a basis to excuse a late response (Lawrence v Ellis *361 Agency, 138 AD2d 980, 981 [4th Dept 1988]), but not thwart delivery altogether, providing a basis to excuse a complete default or invalidate the service. On the other hand, the zip code is part of a mailing address, and an incorrect address may cause nondelivery. (New York City Hous. Auth. v Fountain, 172 Misc 2d 784, 787, 789 [Civ Ct, Bronx County 1997].)
The fundamental due process requirement in any legal proceeding where parties’ rights and obligations are to be determined is notice reasonably calculated to apprise the parties of the proceeding and afford them an opportunity to present their claims. (Mullane v Central Hanover Bank & Trust Co., 339 US 306, 314 [1950]; Keane v Kamin, 94 NY2d 263, 265 [1999]; Matter of Beckman v Greentree Sec., 87 NY2d 566, 570 [1996].) In this case, defendant’s responses to plaintiffs correspondence evidence delivery despite the incorrect zip code. Defendant’s correspondence responding to plaintiff, however, alerted it to defendant’s correct zip code and should have prompted plaintiff to correct its error in future service of papers. Nevertheless, under the ultimate Mullane standard and under all the circumstances, plaintiff might have reasonably calculated that if defendant received correspondence at the address previously used, defendant would receive the summons and complaint mailed to the same address.
New York City Hous. Auth. v Fountain (172 Misc 2d, supra, at 787, 789-790, 793-794) held that a correct zip code is necessary to proper service for purposes of obtaining a default judgment, thus denying the respondent an opportunity to present a defense, particularly in a summary proceeding, where the opportunity to answer is short. Here, a finding that service was improper would cause dismissal of plaintiffs action. A finding that service was proper would not deny either side the opportunity to present its case and to resolve the action on its merits, unless the court were to enter a default judgment based on that finding.
The conclusion in Fountain (supra), moreover, was compelled by 6 RCNY 2-238: “All process mailed pursuant to the requirements of CPLR 308(4) or RPAPL 735(1) shall include on the envelope as part of the address the proper zip code of the person served.” In Fountain (supra), RPAPL 735 (1) applied. Here, neither that section nor CPLR 308 (4) applies. CPLR 308 (4) applies where neither personal delivery nor substituted service on a person of suitable age and discretion at the place of business or dwelling of the person to be served within the State can be made, and the process server must resort to affixing the *362 papers to the place of business or dwelling, followed by the required mailing. Here, substituted service outside the State was effected pursuant to CPLR 313 and 308 (2). The fact that 6 RCNY 2-238 omits reference to CPLR 308 (2), while specifically referring to a separate subdivision of CPLR 308, compels the conclusion that a mailing under CPLR 308 (2) is proper without the correct zip code.
The distinction comports with the due process standard. Service under CPLR 308 (2), substituted service, is more reasonably calculated to apprise parties of a proceeding and less reliant on the follow-up mailing than affixation to the intended recipient’s door.
III. Conclusion
In sum, the necessity for a correct zip code depends on (1) whether a finding of proper service will result in a default judgment, rather than dismissal; (2) whether the case is a summary proceeding; and (3) whether the mailing is pursuant to RPAJPL 735 (1), applicable to summary proceedings, or CPLR 308 (4), following resort to affixation of the papers at the place of business or dwelling, rather than CPLR 308 (2), following substituted service. None of these factors pertain here.
Defendant does not contest the propriety of the follow-up mailing other than the lack of a proper zip code. (See, 463 E. 168th St. HDFC v Woods, NYLJ, May 31, 1995, at 27, col 1 [Civ Ct, Bronx County].) Nor does he deny that the postal delivery located his correct address and actually effected delivery. (See, Bowery Sav. Bank v 130 E. 72nd St. Realty Corp., 180 AD2d, supra, at 560; New York City Hous. Auth. v Fountain, 172 Misc 2d, supra, at 790-791.) His wife’s reply affidavit, however, does deny delivery to a person of suitable age and discretion at his dwelling. Therefore the court grants defendant’s motion to dismiss for lack of personal jurisdiction to the extent of granting a hearing on the sole issue of whether the summons and complaint were left with a person of suitable age and discretion at his dwelling March 10, 1997. The court denies the motion on the ground that the mailing was defective or on any other ground. (CPLR 308 [2]; 313, 3211 [a] [8].)
[Portions of opinion omitted for purposes of publication.]