Bhutta v Thomas (2025 NY Slip Op 51957(U))

[*1]

Bhutta v Thomas

2025 NY Slip Op 51957(U)

Decided on December 11, 2025

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 11, 2025
Supreme Court, Kings County

Khalid M Bhutta, Plaintiff,

against
Carla Thomas, et al., Defendants.

Index No. 514469/2025

Law Offices of Derek Warner, Esq., New York City (Derek Warner of counsel), for plaintiff.
Roger Rowe, defendant pro se.
Brian Belle, defendant pro se.

Aaron D. Maslow, J.

The following papers were used on this motion: NYSCEF Document Nos. 8-28 (papers filed late on Dec. 10, 2025 not considered).
Upon the foregoing papers and having heard oral argument on the record in open court,[FN1]

It is hereby ORDERED as follows:
This is plaintiff Khalid M. Bhutta's motion for summary judgment to eject answering defendants Roger Rowe and Brian Belle from the premises located at 1432 Troy Avenue in Kings County; plaintiff also seeks to strike their answers as facially insufficient as a matter of law. Plaintiff Bhutta also seeks a default judgment to eject the non-appearing defendants (everyone else in the caption) from the premises. Finally, Bhutta seeks to amend the caption to remove John Doe and Jane Doe.
The Court has noted distinct deficiencies in the 13 affidavits of service, which will be discussed below.
First, in the way the affidavits of service are drafted it is unclear as to each individual served and the date and time in which the individual was purportedly served. In each instance, the affidavit of service fails to state within the body of the affidavit the name of the individual [*2]served. (Setting forth a name in a caption does not suffice, and the caption in each affidavit is different, as though there are 13 separate actions.) Moreover, the process server is unclear as to the time of initial attempts at service — whether the attempts were made on May 14 or May 15 of 2025 — and the final date and time. There are times following May 15, 2025 with no times for May 14, 2025. These deficiencies run afoul of CPLR 306 (a), which states, "Proof of service shall specify the papers served, the person who was served and the date, time, [and] address."
Second, the process server fails to state whether service was attempted upon defendants' actual place of business, dwelling place, or usual place of abode (see Hickman v Beretta, 58 Misc 3d 294 [Sup Ct, Nassau County 2017] [court held that the process server's affidavit of service did not support assertion that premises was defendant's dwelling place or usual place of abode]). Additionally, the affidavits of service, when viewed holistically, indicate that the captioned defendants reside on one of three floors inside the subject premises. However, the process server fails to specify an apartment number for each of the distinct dwelling units inside of the building. "Even the failure to include an apartment number on a mailing has been deemed to render service fatally defective" (New York Hous. Auth. v Fountain, 172 Misc 2d 784, 790 [Civ Ct, Bronx County]).
Third, the following defendants are listed individually in the captions in the 13 affidavits of service: Carla Thomas, Grace Belle, Brian Belle, Laura Belle, Kevon Q Chesney, Tyrell Robinson, Roger Rowe, Catherine Williams, John Doe, and Jane Doe. However, only the Belle defendants, Chesney, Thomas, and Rowe were purportedly served. A Jane Doe and a John Doe was served three times each. Robinson and Williams were not served the commencement documents. (See NYSCEF Doc. No. 6.) In reading the 13 affidavits provided, the names of the individuals to be served are not listed within the body of the affidavit itself; rather, they are listed in the captions (creating 13 different captions), or at least some are.
Finally, the answer proffered by defendant Roger Rowe implicates an issue of standing as an affirmative defense. Rowe argues that the Court should be precluded from determining the allegations asserted in the complaint pursuant to CPLR 3211 (a) (3), on the basis that plaintiff has no legal capacity to sue (see NYSCEF Doc No. 7 ¶ 11). Here, defendant's affirmative defense appears to have merit because plaintiff's complaint states as follows: "Plaintiff is and at all relevant times hereinafter mentioned was a domestic corporation with its office and principal place of business in the County of Kings, State of New York, and the owner of the subject premises." In his verification, plaintiff describes himself as an "office." However, the caption and plaintiff's moving papers indicate that Khalid M. Bhutta is an individual, not a corporation. An individual cannot sue on behalf of a corporate entity under these circumstances (see Quatrochi v Citibank, N.A., 210 AD2d 53 [1st Dept 1994).[FN2]

Altogether, this case presents a situation where plaintiff has failed to establish proper service of the summons and complaint. Therefore, he has failed to establish entitlement to any default judgment. With respect to pro se answering defendants, plaintiff has likewise failed to establish that they were properly served so as to confer personal jurisdiction. All other issues are academic.
The herein motion is DENIED, and the underlying complaint is DISMISSED in its [*3]entirety for failure to serve the summons and complaint in compliance with CPLR 308 and for lack of standing (see CPLR 3211 [a] [3], [8]).

Footnotes

Footnote 1:Transcripts may be procured from the court reporter (see Matter of Lewandowski v Office of Ct. Admin., 173 Misc 2d 335 [Sup Ct, Albany County 1997]).

Footnote 2:At oral argument, plaintiff's counsel averred that plaintiff was an individual, but this is belied by plaintiff himself stating in his verification, signed by him, that he is an "office."