■ CAROLE S. MARGOLIN et al., Respondents, v SONESTA INTERNATIONAL HOTELS CORPORATION, Appellant. — Order of the Supreme Court, New York County (Fraiman, J.), entered March 11, 1981 denying the motion of defendant for summary judgment reversed, without costs, on the law, and the motion granted. In February, 1980 plaintiffs vacationed at the Sonesta Beach Hotel and Tennis Club at Key Biscayne, Florida. The day after their arrival they entrusted jewelry alleged to be worth in excess of $19,000 to the custody of the hotel. On February 26, 1980, the hotel safe deposit box was broken into and plaintiffs' valuables taken. Thereafter this action was brought. After a motion to dismiss on the grounds of *forum non conveniens* had been denied, defendant moved for summary judgment. The uncontroverted proof established that defendant is a Massachusetts corporation doing business in this State and that Sonesta Beach Hotel and Tennis Club is a Florida corporation, the stock of which is owned by defendant. Special Term correctly concluded that unless a parent corporation exercises complete domination and control over a wholly owned subsidiary, it is exempt from liability for torts committed by the subsidiary *(Musman v Modern Deb,* 50 AD2d 761). Acknowledging that this was the case here it nevertheless held that defendant was estopped, by reason of its prior motion to dismiss, now to assert that it did not own the hotel at which the loss occurred. Here, there is no allegation of fraud or deception; nor is it inequitable to require plaintiffs to pursue their action against the alleged

wrongdoer in a forum in which jurisdiction can be obtained. No prejudice to plaintiffs has been shown. The initial defense of the action by defendant is insufficient to invoke the doctrine of estoppel particularly since the action in Florida is not barred by any applicable Statute of Limitations. In sum, what is here involved is inconvenience to plaintiffs. That is hardly a basis for charging defendant with responsibility for the acts of its subsidiary. Concur — Sullivan, J. P., Carro, Markewich, Lupiano and Bloom, JJ.