■ GIOVANNA PIGNATORO et al., Respondents, v CHARLES A. COEN, Defendant and Third-Party Plaintiff. CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Appellant and Third-Party Defendant-Appellant and Fourth-Party Plaintiff-Appellant. WEBCO CONSTRUCTION COMPANY, INC., Respondent and Fourth-Party Defendant-Respondent. CITY OF NEW YORK, Third-Party Defendant-Respondent.—In this personal injury action, judgment of the Supreme Court, Bronx County (Leonard N. Cohen, J.), entered June 12, 1987, after a jury trial, in favor of the plaintiffs and against the defendant Consolidated Edison, in the sum of $687,000, which dismissed the complaint against Charles Coen, the owner of the property abutting the sidewalk where the accident occurred, dismissed Coen's third-party action against the City of New York and dismissed defendant-appellant Consolidated Edison's fourth-party complaint against Webco Construction Company, unanimously reversed to the extent appealed from, on the law, and the complaint against Consolidated Edison dismissed, without costs.

In July 1983, the plaintiff, Giovanna Pignatoro, caught her foot in a hole in the sidewalk in front of property owned by the defendant and third-party plaintiff Coen. Coen brought a

third-party action against New York City and Consolidated Edison which had, seven months previously, excavated an area of the sidewalk some 15 feet from the area where plaintiff fell. Consolidated Edison then brought a fourth-party action against Webco, its paving contractor, which had replaced portions of the sidewalk.

It seems that all of the relevant facts are undisputed except for the question of whether Consolidated Edison (or Webco) caused the damage to the sidewalk, which, in turn, caused the plaintiff to fall.

Color photographs of the area and of the sidewalk are part of the record. Consolidated Edison excavated two openings, measuring four feet by three feet and nine feet by three feet, to install replacement pipe to repair a gas leak. When Coen complained that it had damaged four inches of sidewalk on his side of the property line extending to the curb, Con Edison directed Webco to restore the area of excavation and also the complained-of area in front of Coen's property. Reference to the photographs shows that the area where plaintiff fell is at least five feet from the point where Webco did its work.

While the area of sidewalk where plaintiff fell is deteriorated, there is nothing to connect Consolidated Edison or Webco to the condition which caused the plaintiff's fall. Thus, there is no legal basis for imposing liability on Con Edison, and the complaint against it must be dismissed.

For a valid cross claim to be asserted against the City of New York, compliance with the prior written notice requirement of the Pothole Law (Administrative Code of City of New York § 7-201 [c] [2]) was required. Whether the notice in this case was appropriate need not be determined in view of the fact that the complaint has been dismissed. Concur—Kupferman, J. P., Asch, Wallach, Smith and Rubin, JJ.