■ THOMAS D. LENER, Appellant, v CLUB MED, INC., et al.,

Respondents, et al., Defendant.—In an action to recover damages for personal injuries, etc., the plaintiff appeals (1) from an order of the Supreme Court, Westchester County (Marbach, J.), entered January 11, 1989, which granted the motion of the defendant Club Mediterranee, S.A., for summary judgment dismissing the complaint insofar as asserted against it, and (2), as limited by his brief, from so much of an order of the same court, entered June 29, 1989, as granted that branch of the motion by the defendant Club Med, Inc., which was to vacate the default judgment entered against it.

Ordered that the order entered January 11, 1989, is affirmed, without costs or disbursements; and it is further,

Ordered that the order entered June 29, 1989, is reversed insofar as appealed from, on the law, without costs or disbursements, and the motion by the defendant Club Med, Inc., to vacate the default judgment entered against it is denied.

The plaintiff was vacationing at a resort in Haiti when he slipped and fell while riding on an excursion boat, sustaining injury. He commenced the instant action seeking to recover damages for negligence and breach of contract against, *inter alia,* Club Mediterranee, S.A., a French corporation, and its partially owned subsidiary, Club Med, Inc. Club Mediterranee, S.A., subsequently moved for summary judgment, asserting that it did not own, operate, maintain, control or provide employees for either the resort or the boat on which the accident occurred. An annual report filed by Club Med, Inc., with the Securities and Exchange Commission revealed that Club Med, Inc., operates numerous Club Med resorts in North America, Mexico, the Caribbean, French Polynesia, Asia, the South Pacific and the Indian Ocean Basin, including the Haiti resort, as a successor in interest to its parent corporation, Club Mediterranee, S.A. However, Club Mediterranee, S.A., did continue to provide some personnel and significant administrative and technical services to Club Med, Inc. In opposition, the plaintiff asserted that as a parent, Club Mediterranee, S.A., could be held liable for the torts of its subsidiary, Club Med, Inc. He also submitted two receipts he was given after he paid for the boat excursion at the Haiti resort, both of which bear the name "Club Mediterranee". The Supreme Court granted Club Mediterranee, S.A., summary judgment, finding that the record indicated that the Haiti resort was operated by Club Med, Inc., and not by its parent, Club Mediterranee, S.A., and that denials of ownership or control of the resort or the boat by Club Mediterranee, S.A. "are unim-

peached by any persuasive evidence offered by plaintiff". The plaintiff appeals from this order.

Some time thereafter, the plaintiff was granted leave to enter a default judgment against Club Med, Inc. Club Med, Inc., then moved to vacate the default judgment. The affidavit of merit submitted on its behalf simply denied any involvement by Club Med, Inc., in the ownership, operation, maintenance and control of the resort or the boat on which the plaintiff was injured, and denied that it arranged for the plaintiff to go on the excursion. The Supreme Court granted the motion and vacated the default judgment. The plaintiff appeals from this order as well.

We agree with the Supreme Court's determination that the proof in evidentiary form submitted on the motion by Club Mediterranee, S.A., was sufficient to establish its entitlement to summary judgment, and that the evidence offered in opposition thereto was simply insufficient to raise a material, triable issue of fact. Moreover, the plaintiff failed to raise an issue of fact as to whether Club Mediterranee, S.A., exercised such complete domination and control over Club Med, Inc., that it could be held liable for the torts of Club Med, Inc. (see, Ioviero v Ciga Hotels, 101 AD2d 852; Margolin v Sonesta Intl. Hotel Corps., 85 AD2d 548; see also, Pentifallo v Hilton of Panama, 86 AD2d 583).

We do not agree, however, that Club Med, Inc., established its entitlement to vacatur of the default judgment entered against it. The affidavit of merit submitted in support of the application of Club Med, Inc., contained general, conclusory denials of involvement without any evidentiary support and thus was insufficient to establish the existence of a meritorious defense (see, Mantilla v Lewkowitz, 130 AD2d 557). Thompson, J. P., Brown, Kunzeman and Eiber, JJ., concur.