■ JOSE THATTIL, Appellant, v PIERRE Y. MONDESIR et al., Defendants, and FRANC BELIZAIRE, Respondent. [712 NYS2d 869] —In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Polizzi, J.), dated March 23, 1999, which, in effect, granted the motion of the defendant Franc Belizaire to vacate his default in answering the complaint, and (2) a judgment of the same court, entered January 28, 2000, which, upon an order of the same court, dated January 3, 2000, dismissing the complaint insofar as asserted against the defendant Franc Belizaire, is in favor of the defendant Franc Belizaire and against him in the principal sum of $470.

Ordered that the appeal from the order dated March 23, 1999, is dismissed; and it is further,

Ordered that the judgment is reversed, as a matter of discretion, the orders dated March 23, 1999, and January 3, 2000, are vacated, the motion is denied, the complaint is reinstated, and the matter is remitted to the Supreme Court, Queens

County, for further proceedings in accordance herewith; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

A defendant attempting to vacate a default must establish both a reasonable excuse for the default and a meritorious defense to the action (*see, Putney v Pearlman,* 203 AD2d 333; *Eugene Di Lorenzo, Inc. v Dutton Lbr. Co.,* 67 NY2d 138, 140). The determination of what constitutes a reasonable excuse for a default lies within the sound discretion of the Supreme Court (*see, Bardales v Blades,* 191 AD2d 667, 668).

Contrary to the conclusion of the Supreme Court, the conclusory allegations of the defendant Franc Belizaire that he did not receive the summons and complaint did not constitute a reasonable excuse for his default. Nor did he establish a meritorious defense to the plaintiff's claims. Thus, he failed to satisfy the burden for vacating his default. Ritter, J. P., Sullivan, Altman and Feuerstein, JJ., concur.