■ ROBERTA ANN SHECHTER et al., Appellants, v CITY OF NEW YORK et al., Defendants, and EMPIRE CITY SUBWAY COMPANY et al., Respondents. (And Other Actions.) [792 NYS2d 437]—

Order, Supreme Court, New York County (Faviola A. Soto, J.), entered June 22, 2004, which, insofar as appealed from as limited by the briefs, granted motions by defendants Empire City Subway Company and Petrocelli Electric Co. for summary judgment dismissing the complaint as against them, unanimously modified, on the law, to deny Petrocelli's motion, and otherwise affirmed, without costs.

An issue of fact exists as to whether Petrocelli created the hole in the street that allegedly caused plaintiff's fall (see Field v City of New York, 302 AD2d 223 [2003]). Petrocelli places undue reliance on plaintiff's deposition testimony that she took four or five steps from the curb before falling, to argue that she had walked four or five feet into the crosswalk, when the documentary evidence shows that the street excavation Petrocelli did some 17 months before extended only 18 inches from the curb. However, plaintiff merely approximated the number of steps she took; she did state that the hole was close to the curb;

she clarified her deposition by identifying the hole in a photograph; and photographs in the record indicate that the hole was quite close to the curb. We also reject Petrocelli's argument that plaintiff's expert's affidavits fail to raise an issue of fact as to whether Petrocelli had excavated the hole in question, and if so, whether the defect in the roadway at the time of the accident was, as he opines, due to improper restoration following the excavation and not normal deterioration over time. We would add that Petrocelli offered no expert affidavit of its own, and the photographs appear to depict a hole that is distinct from the general deterioration in the roadway.

However, summary judgment was properly granted in favor of Empire upon documentary evidence conclusively establishing that the underground conduits it had installed were nowhere near the site of plaintiff's accident (*see Pignatoro v Coen*, 150 AD2d 222 [1989]). Even if the trenches dug to facilitate these installations were as much as three or four feet wide, as indicated in a document on which plaintiff relies, the trenches would still not be anywhere near the curb. Concur—Mazzarelli, J.P., Saxe, Marlow, Gonzalez and Sweeny, JJ.