OPINION OF THE COURT
George M. Heymann, J.
Petitioner commenced this end of lease holdover proceeding in November 2004, on the ground that the owner is seeking to recover the subject premises, located at 112 Noble Street, apartment 3L, Brooklyn, New York 11222, for the personal use of her daughter, son-in-law and grandchild. On July 13, 2004, prior to the commencement of this proceeding, the petitioner sent the respondent a combined notice of nonrenewal and termination of tenancy by certified mail and ordinary mail. The notice, dated June 23, 2004, states in relevant part:
“[P]ursuant to Section 2524.4 (A) of the Rent Stabilization Code,. . . the owner and landlord does not intend to renew your lease for the above referenced premises (‘the premises’), which expires on OCTOBER 31, 2004, upon the grounds that Anna and Wladyslow Trojan, owners of the premises, seek to recover possession of the premises for the personal use of their daughter, Magdalena Trojan, her husband Powel Boro and child Gabriel....
“(B) Magdalena Trojan, her husband Powel Boro and their child Gabriel, intend, in good faith, to occupy the apartment known as Apartment 3L at 112 Noble Street, Brooklyn, New York, for their personal use and primary residence in the City of New York
c~rcT1___
c~rcT1___ 1_i ~_ “[Ylou are hereby required to vacate or surrender possession of the premises to the landlord on or before OCTOBER 31, 2004, which is not less than 30 days from the date of this notice. Upon your failure to vacate or surrender possession thereof, the landlord will commence an action or proceeding in a court of competent jurisdiction to recover possession of the premises . . .
“[T]his notice is being served upon you pursuant to *384 sections 2524.2 and 2524.4 (A) of the Rent Stabilization Code and applicable provisions of law.”
On December 13, 2004, the respondent’s attorney served a notice of appearance and verified answer with counterclaims which raises several affirmative defenses including, inter alia, that the above notice was not served in compliance with the law; that the proceeding was not brought in “good faith”; and that it failed to join Wladyslow Trojan as a necessary party.
Counsel for both parties have now moved the court seeking various relief. The respondent initially moved for summary judgment and dismissal of the proceeding pursuant to Rent Stabilization Code (RSC) (9 NYCRR) § 2524.4 (a) (3) (which permits only one individual owner of a building to recover a dwelling unit for personal use and occupancy) and/or for petitioner’s failure to join an indispensable party (petitioner’s husband); or, in the alternative, leave to conduct discovery. The petitioner moved to dismiss the affirmative defenses and counterclaims. The respondent then cross-moved for an order denying the petitioner’s motion to strike the affirmative defenses and counterclaims and granting summary judgment and dismissal of the proceeding on the ground that the notice of nonrenewal of the lease and termination of tenancy was not served in compliance with the law. Both parties submitted affirmations in opposition to the respective motions and cross motion.
Questions Presented
1. The primary issue to be resolved by this court, which appears to be one of first impression, is whether service of a combined notice of nonrenewal of a lease and notice of termination in a personal use holdover proceeding can be made by regular mail or must be made pursuant to the requirements of Real Property Actions and Proceedings Law § 735.
2. Whether the proceeding must be dismissed because it was brought only in the name of the owner-wife and did not name the owner-husband in the caption.
Arguments of Counsel
At the outset, both attorneys acknowledge and agree that a notice of intent not to renew an expiring lease need only be served by regular mail and that a 30-day notice of termination may be combined therewith. However, that is where the consensus ends and there is a divergence of opinion as to whether service of the combined notice by regular mail is suf *385 ficient to give this court the requisite jurisdiction to maintain this proceeding.
The respondent’s counsel contends that this proceeding must be dismissed because the 30-day notice of termination was not served in accordance with RPAPL 735 (i.e., personal, suitable age and discretion or conspicuous service), and thus the proceeding must be deemed jurisdictionally defective. Counsel cites in support of his position section 8:284 (notice of intent to commence proceeding with nonrenewal notice) from Scherer, Residential Landlord-Tenant Law in New York (at 8-107 [2005 ed]), which reads as follows: “When the landlord intends not to renew a lease, in addition to the notice of intent not to renew, the landlord must also serve a 30-day notice of intent to commence an eviction proceeding, which may be combined with a termination notice. (9 NYCRR § 2524.4 [c].)”
He further argues that since service of a 30-day notice of termination when served alone must meet the more stringent requirements of RPAPL 735, then, a fortiori, the standard for service of the combined notice must be elevated in order to be in compliance with RPAPL 735.
In opposition to this argument, counsel for the petitioner avers that since the combining of the notices is specifically authorized pursuant to RSC § 2524.4 (c), a combined notice does not have to be served by two different methods. Counsel opines that it is “inane” to believe that the RSC would authorize the combining of the two notices into one document and then require that its service be bifurcated.
With respect to the issue of joinder of an indispensable party, the respondent’s attorney claims that because the petitioner’s husband was named as a copetitioner in a prior personal use holdover proceeding against another tenant and that the wife is the only petitioner named herein, the petitioners in the respective proceedings are not identical and therefore this proceeding must be dismissed.
The petitioner counters this position by asserting that this is a separate and distinct proceeding and that only one owner, as required by RSC § 2524.4 (a) (3), is, in fact, prosecuting this proceeding on behalf of her daughter, son-in-law and grandchild.
Relevant Statutes
“[Real Property Law] § 232-a. Notice to terminate monthly tenancy or tenancy from month to month *386 in the city of New York.
“No monthly tenant, or tenant from month to month, shall hereafter be removed from any lands or buildings in the city of New York on the grounds of holding over his term unless at least thirty days before the expiration of the term the landlord or his agent serve upon the tenant, in the same manner in which a notice of petition in summary proceedings is now allowed to be served by law, a notice in writing to the effect that the landlord elects to terminate the tenancy and that unless the tenant removes from such premises on the day on which his term expires the landlord will commence summary proceedings under the statute to remove such tenant therefrom.” (Emphasis added.)
“[RSC §] 2523.5 Notice for renewal of lease and renewal procedure.
“(a) . . . every owner . . . shall notify the tenant named in the expiring lease not more than 150 days and not less than 90 days prior to the end of the tenant’s lease term, by mail or personal delivery, of the expiration of the lease term, and offer to renew the lease or rental agreement at the legal regulated rent permitted for such renewal lease and otherwise on the same terms and conditions as the expiring lease.” (Emphasis added.)
“[RSC §] 2524.2 Termination notices.
“(a) . . .no tenant shall be removed or evicted from a housing accommodation by court process, and no action or proceeding shall be commenced for such purpose upon any of the grounds permitted in section . . . 2524.4 [Grounds for refusal to renew lease] of [this] Part, unless and until the owner shall have given written notice to such tenant as hereinafter provided.
“(b) Every notice to a tenant to vacate or surrender possession of a housing accommodation shall state the ground under section . . . 2524.4 of this Part, upon which the owner relies for removal or eviction of the tenant, the facts necessary to establish the existence of such ground, and the date when the tenant is required to surrender possession.
“(c) Every such notice shall be served upon the tenant: . . .
“(2) . . .in the case of a notice pursuant to section *387 2524.4(c) of this Part, at least 90 and not more than 150 days prior to the expiration of the lease term; or
“(3) in the case of a notice pursuant to sectionf ] 2524.4(a) ... of this Part, at least 90 days and not more than 150 days prior to the expiration of the lease term . . .
“(d) All notices served pursuant to subdivision (c) of this section shall be in lieu of any notice in any lease or rental agreement providing for a lesser time for termination of tenancy.” (Emphasis added.)
“[RSC §] 2524.4 Grounds for refusal to renew lease . . . without order of the DHCR.
“The owner shall not be required to offer a renewal lease to a tenant, . . . and may commence an action or proceeding to recover possession in a court of competent jurisdiction, upon the expiration of the existing lease term, if any, after serving the tenant with a notice as required pursuant to section 2524.2 of this Part [Termination notices], only on one or more of the following grounds:
“(a) Occupancy by owner or member of owner’s immediate family.
“(1) An owner who seeks to recover possession of a housing accommodation for such owner’s personal use and occupancy as his or her primary residence in the City of New York and/or for the use and occupancy of a member of his or her immediate family as his or her primary residence in the City of New York . . .
“(3) The provisions of this subdivision shall only permit one of the individual owners of any building, whether such ownership is by joint tenancy, tenancy in common, or tenancy by the entirety to recover possession of one or more dwelling units for personal use and occupancy.
“(4) No action or proceeding to recover possession pursuant to this subdivision shall be commenced in a court of competent jurisdiction unless the owner shall have served the tenant with a termination notice in accordance with section 2524.2(a), (b) and (c)(3) of this Part . . .
“(c) Primary residence ... no action or proceeding *388 shall be commenced seeking to recover possession on the ground that the housing accommodation is not occupied by the tenant as his or her primary residence unless the owner or lessor shall have given 30 days’ notice to the tenant of his or her intention to commence such action or proceeding on such grounds. Such notice may be combined with the notice required by section 2524.2(c)(2) of this Title.” (Emphasis added.)
Analysis of Statutes
It is well settled that in an unregulated tenancy, where a tenant has a lease and the lease term expires, no predicate notice of any kind is required to commence a holdover proceeding when the tenant remains in the subject premises beyond the fixed term set forth in said lease.
However, where a tenant lives in a statutorily regulated premises, certain notice requirements must be adhered to in order for a landlord to commence an action or proceeding to regain possession of the subject premises.
In a rent-stabilized tenancy, as is the case herein, prior to the expiration of a lease, a landlord, pursuant to RSC § 2523.5 (supra), is required to notify the tenant that his or her lease will be expiring and offer to renew the lease. This statute mandates that the notification and new lease, containing the same terms and conditions of the expiring lease, be served upon the tenant either personally or by regular mail between no less than 90 days and not more than 150 days (commonly referred to as the “window period”) prior to the expiration of the current lease.
There are, however, only two statutory grounds upon which a residential landlord is not required to offer a renewal lease:
(1) where the owner seeks to obtain the premises for his own personal use or for the personal use of a family member (RSC § 2524.4 [a], supra) or
(2) where the owner alleges that the tenant is not maintaining the premises as his or her primary residence (RSC § 2524.4 [c], supra).
In either instance, the RSC mandates that the landlord serve a “written notice,” generally denominated as a “Notice of Intent Not to Renew” or “Notice of Non-Renewal” and commonly referred to as a “Golub” notice (see, Golub v Frank, 65 NY2d 900 [1985]) during the same “window period” that the landlord *389 would have offered a lease renewal if he or she were not seeking to terminate said tenancy (RSC § 2524.2 [c] [2], [3], supra). Failure to serve such notice within the requisite “window period” is a fatal defect that deprives the court of jurisdiction and requires the landlord to offer a new lease (Golub v Frank, supra). Under those circumstances, the landlord must then wait until the new “window period” begins prior to the expiration of the new lease before commencing another holdover proceeding to recover possession on the grounds of either personal use or nonprimary residence.
Although the RSC is clear about a landlord’s obligation to serve termination notices and the time frame within which they must be served, it is silent as to the method of service of such nonrenewal notices. Confronted with this issue in Mauro v Thorsen (NYLJ, Dec. 4, 1991, at 25, col 5), the court (Turner, J.) determined that RSC § 2524.2 (c) (2) (supra [notice of intent not to renew lease]) should “be construed in pari materia” (Mauro at 25, col 5) with RSC § 2523.5 (supra [notice for renewal of lease]) “in an attempt to resolve apparent ambiguities” and concluded that in the absence of personal delivery there must be a mailing — “regular mail or what is commonly referred to as ordinary first class mailing.” (Mauro at 25, col 5.)
Notwithstanding that the nonrenewal notices must be served either personally or by regular mail, the respondent in the case at bar insists that service by regular mail is insufficient when that notice of nonrenewal is combined with a 30-day notice of termination, which he asserts can only be served pursuant to the requirements of RPAPL 735.
Upon a careful reading and analysis of the above-cited statutes, the court finds that, contrary to conventional wisdom, 30-day termination notices are required in only two instances: (1) where the landlord seeks to terminate a month-to-month tenancy (Real Property Law § 232-a, supra) or (2) where the landlord does not intend to renew an expiring lease on the ground of nonprimary residence (RSC § 2524.4 [c], supra). In the former case, the statute unambiguously states that service of said notice must be made pursuant to RPAPL 735. In the latter case, the RSC is unequivocal only to the extent that it requires two distinct notices: a nonrenewal notice during the “window period” and a 30-day notice of intention to commence an action or proceeding on such grounds. It further provides that “[s]uch notice may be combined with the notice required by section 2524.2(c)(2) of this Title.” (RSC § 2524.4 [c].) Refer *390 ring the reader back to RSC § 2524.2 (c) (2) merely instructs that the nonrenewal notice must be served “at least 90 and not more than 150 days prior to the expiration of the lease term.” Nothing more is said about the manner of such service. Except for the fact that it has now been established by case law (see, Mauro v Thorsen, supra) that the nonrenewal notice can be served by regular mail, the statute is, once again, silent as to this particular 30-day notice, whether served independently or in combination with the nonrenewal notice. Unlike the 30-day notice of termination in Real Property Law § 232-a (supra), for month-to-month tenants, which specifically refers to a particular method of service under the RPAPL, there is no concomitant reference to any other service provision with respect to part 2524 of the RSC. 2 Dolan, Rasch’s Landlord and Tenant — Summary Proceedings § 30:67 (at 482 [4th ed] [“Notice in Non-Primary Residence Proceedings”]) states:
“The Rent Stabilization Code provides that this thirty-day notice may be combined with the 120-[now 90] to 150-day notice. If they are combined, the combined notice must be served at least 120 [now 90] days and not more than 150 days before the expiration of the lease. If the lease contains a provision regulating the manner of giving notices, that provision must be followed. If not, it should be given by regular mail.”
Although Rasch concludes that service of the combined notices can be served by regular mail, there is no statute or case law cited for this proposition. Yet, as this court noted above, there being no reference in RSC part 2524 as to any manner of service other than by regular mail as determined in Mauro v Thorsen (supra), this would appear to be a correct interpretation of section 2524.4 (c) of the RSC.
In light of this ambiguity in the RSC, it would behoove the Legislature to clarify the method of service in the above-referenced sections of part 2524.
Regarding the service of the combined notice in the case at bar, based on the court’s foregoing analysis of all the applicable statutes, and contrary to the general practice of serving 30-day notices in all end of lease holdover proceedings,* the court concludes that no 30-day notice of termination is required in *391 end of lease proceedings on the ground of personal use by the owner or members of his or her family. Had the Legislature intended that such an additional notice be required it would have specifically provided for such notice as it did regarding nonprimary residence holdovers.
As previously stated, part 2524 of the RSC (“Evictions”) is a circular, self-contained statute that keeps cross-referencing itself to its own provisions regarding the when and how to evict regulated tenants from their housing accommodations. No reference whatsoever is made to any additional 30-day notice of termination as is set forth in section 2524.4 (c) of the RSC. Having reached this conclusion, it is clear that the notice of nonrenewal served herein by the petitioner by regular mail is good service and that the “combined” termination of tenancy notice is actually superfluous and need not have been served at all. That being the case, the court concludes that service pursuant to RPAPL 735 under such circumstances is unwarranted and, perhaps, even contrary to the intent of the Legislature.
Regarding the issue of who may recover possession of the premises for personal use and occupancy, RSC § 2524.4 (a) (3) (supra) only permits one individual owner to do so. The respondent’s counsel raises two inconsistent arguments on this point. On the one hand, he acknowledges that only one person (in this case the owner-wife) can maintain this proceeding and, on the other hand, claims that it should be dismissed because the owner-husband is an indispensable party and is not a named petitioner herein. Although there was a prior proceeding involving both the husband and wife as petitioners against another tenant in the same building, that proceeding was settled pursuant to a two-attorney stipulation on May 11, 2000, almost five years ago. In that case the tenant agreed to vacate her premises and the issue of two owners bringing the action was never brought into question. This proceeding is separate and distinct from the previous action and complies with the “individual” owner requirement of RSC § 2524.4 (a) (3) (supra).
*392 Conclusion
Based on the foregoing analysis and discussion of the relevant statutes and related materials, the court determines the motions and cross motion as follows:
Branch 1 of the respondent’s motion for an order granting summary judgment and dismissal of the proceeding for failure to join an indispensable party is denied.
Branch 2 seeking leave to conduct discovery is denied. The respondent has not submitted a proposed demand for discovery setting forth any specifics regarding a deposition or the documentary evidence it seeks to examine. The mere conclusory statements that the petitioner must prove “good faith” at trial, without more, does not demonstrate “ample need” for discovery. The respondent does not claim that there are “special or extraordinary circumstances” in this case or that there are issues that are “novel and complex” (see, Scherer, Residential Landlord-Tenant Law in New York §§ 13:51, 13:55, supra, cited by respondent). In Nestor v Brit (NYLJ, Apr. 24, 1990, at 22, col 3 [App Term, 1st Dept]), the petitioner’s prior owner use holdover proceeding was dismissed on the ground that the petitioner could not establish an intent to reside in the tenant’s apartment. When a second owner use holdover proceeding was subsequently brought between the identical parties, at the expiration of another lease term, the court granted depositions “so that the different set of factual circumstances alleged to exist by petitioner [could] be fleshed out” (at 22, col 4). In Mandell v Cummins (2001 NY Slip Op 40103[U]), discovery was warranted in order to establish the relationship between the respondent tenant and his disabled gay life partner where the tenant sought to benefit from an exception to owner use occupancy where a tenant or “spouse” of the tenant is a senior citizen or disabled person (RSC § 2524.4 [a] [2]). In Schwartz v Seidman (NYLJ, May 8, 2002, at 21, col 2), the petitioner therein, unlike the petitioner in the instant proceeding, conceded the respondent’s right to a deposition on the subject of petitioner’s good faith intention. In that case, the court found that the respondent alleged facts sufficient to establish good faith claims with respect to all the issues on which discovery was sought, as opposed to the situation herein.
Petitioner’s motion to dismiss the first, second, fifth, sixth and seventh affirmative defenses and the first and second counterclaims is granted to the extent that the first, second, sixth and seventh affirmative defenses are stricken based upon *393 the reasoning enunciated in this decision. The counterclaims are severed for a plenary action.
Branch 1 of the respondent’s cross motion for an order denying the petitioner’s motion to strike the affirmative defenses and counterclaims is denied except as indicated in the preceding paragraph.
Branch 2 of the respondent’s motion for an order granting summary judgment and dismissal of the proceeding on the ground that the notice of nonrenewal of the lease and termination of tenancy was not served in compliance with the law is denied for the reasons previously enunciated.

 Section 8:284 of Scherer, Residential Landlord-Tenant Law in New York, quoted in the text (supra), can be misconstrued by the reader, as respondent’s counsel did herein. This section states that “[w]hen the landlord intends not *391 to renew a lease, in addition to the notice of intent not to renew, the landlord must also serve a 30 day notice of intent to commence an eviction proceeding” (§ 8:284, at 8-107 [emphasis added]). This statement gives the impression that it applies in all instances and is not limited to nonprimary holdovers, notwithstanding the fact that at the end of the section it cites RSC § 2524.4 (c) (“Primary residence”). Here, too, a clarification of the distinction between the two types of end of lease holdovers would be warranted.