■ JAMES P. BERGDOLL, Respondent-Appellant, v MICHAEL PENTECOSTE, Appellant-Respondent. [794 NYS2d 78]—

In an action, inter alia, to recover on a promissory note, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Molia, J.), dated July 21, 2004, as granted his motion to vacate a judgment of the same court entered April 21, 2003, upon his default in appearing and answering only to the extent of permitting him to serve a late answer, and directed that the judgment continue to stand as security pending further order of the court, and the plaintiff cross-appeals, as limited by his brief, from so much of the same order as granted the defendant's motion to vacate the judgment to the extent of permitting the defendant to serve a late answer.

Ordered that the order is reversed, on the law, with costs to the plaintiff, and the motion is denied.

A defendant seeking to vacate a judgment entered upon his or her default in appearing or answering a complaint must demon-

strate both a reasonable excuse for the default and the exis-tence of a meritorious defense (*see Mount Sinai Hosp. of Queens v Hertz Corp.*, 3 AD3d 523, 524 [2004]; *Thattil v Mondesir*, 275 AD2d 408, 409 [2000]; *Manigat v Louis*, 262 AD2d 289 [1999]). The determination of what constitutes a reasonable excuse for a default lies within the sound discretion of the Supreme Court (*see Thattil v Mondesir, supra*).

Contrary to the conclusion of the Supreme Court, the defen-dant failed to demonstrate a reasonable excuse for his default. Service of process was properly effectuated on him pursuant to CPLR 308 (2) at the correct address. The additional mailing required by CPLR 3215 (g) (3) (i), although sent to the wrong address, was forwarded to the defendant's correct address and was received by him more than 20 days before the entry of judg-ment against him. Moreover, the defendant's conclusory allega-tions of breach of the noncompetition clause in the parties' stock purchase agreement did not demonstrate the existence of a meritorious defense to his default under the separate obliga-tions set forth in the promissory note (*see Neuhaus v McGovern*, 293 AD2d 727, 728 [2002]; *Reilly-Whiteman, Inc. v Cherry Hill Textiles*, 191 AD2d 486, 487 [1993]; *Lener v Club Med*, 168 AD2d 433, 435 [1990]; *Caton v Lloyd*, 138 AD2d 442 [1988]; *cf. Vecchio v Colangelo*, 274 AD2d 469, 471 [2000]).

In view of the foregoing determination, the defendant's contentions have been rendered academic. Adams, J.P., S. Miller, Crane and Mastro, JJ., concur.