Matter of D.M. v H.M. (2006 NY Slip Op 50053(U))

[*1]

Matter of D.M. v H.M.

2006 NY Slip Op 50053(U) [10 Misc 3d 1073(A)]

Decided on January 11, 2006

Family Court, Nassau County

Marks, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 11, 2006

Family Court, Nassau County
In the Matter of D.M., Petitioner,
against
H.M., Respondent.
O-15214-03/05B

John G. Marks, J.
Pursuant to an Order of the Hon, Tammy S. Robbins, A.F.C.J., dated October 17, 2005, this matter was referred to this Judge on the issue of vacating an Order on Default, dated 3/31/04, which granted custody to the mother, petitioner therein, D.M., pursuant to a Final Order of Protection.
This court has considered the following papers in rendering its decision;
Order to Show Cause containing the Petition of H.M. and exhibits. Although referenced, there was no affirmation of Gari W. Powder, Esq., in the O/S/C, however, a Reply Affirmation was received; the Answer and Affirmation in Opposition of the Law Guardian; the Decision & Order of Hon. Tammy S. Robbins, J.C.C. and transcripts of the proceedings dated 12/29/03, 3/24/04 and 3/31/04. The transcript of the proceedings on 2/4/04 was not provided.
By Order To Show Cause, dated 1st September 2005, respondent, (petitioner, herein), H.M., seeks an Order ". . .vacating that portion of the Order of this Court entered March 31, 2004, which granted custody of the minor child C.J.M. to the petitioner and modifying the portion of the Order which prohibits the respondent from contact with the said minor child, be modified (sic), and why such other and further relief, should not be granted, as may be just and proper."
A brief history of this matter will be helpful in understanding this proceeding. On December 29, 2003, the petitioner, D.M., filed an immediate Family Offense petition with [*2]this Court, under Docket No. O-15214-03, which conformed to the provisions of Article 8 of the Family Court Act. The petitioner requested and was granted a Temporary Order of Protection, which, among other relief, granted temporary custody of the child, C.M., to the petitioner. The Court, based upon petitioner's allegations of domestic violence, directed the Nassau County Department of Social Services to conduct a Court Ordered Investigation. The matter was adjourned to February 4, 2004. The respondent was served with the Summons, Petition and Temporary Order of Protection. On February 4, 2004, the respondent was not present. He appeared by Rodney E. Batts, Esq. After a discussion, Mr. Batts was advised to submit an order to show cause requesting a stay in this proceeding or file a motion or have the respondent appear. The matter was adjourned to March 24, 2004. On March 24, 2004, Mr Batts appeared without the respondent and without having submitted an order to show cause or having filed a proper motion. The Court received the results of the COI which was "indicated" and "closed" as to both parents, for inadequate guardianship. There was also some discussion regarding a letter allegedly sent to this Court by a Virginia Court. The file was searched for said letter. There was no such letter in the file. Mr. Batts requested a continuance,
which was granted. Mr. Batts was again instructed to either submit an order to show cause, file a motion or have his client appear on the next court date. The matter was adjourned to March 31, 2004. Sometime during the morning of 3/31/04, the court received a Fax from Mr. Batts purporting to be an Order to Show Cause. The court was also informed that Mr. Batts would not be available to the court until 11:30 AM. No one appeared. At 2:30 PM, the case was called whereupon there being no appearance, the Court granted a two-year Final Order of Protection on Default. The Order contained the same provisions as the prior temporary order of protection. Service of this Final Order was effectuated by mail on 3/31/04. Said notice contained the statutory Appeal language as set forth in Article 11 of the Family Court Act.
Petitioner herein asserts that this court did not have subject matter jurisdiction over the events alleged in the initial petition filed on 12/29/03, since all the allegations alleged therein occurred in the State of Virginia. He correctly concedes that: " the Family Court has jurisdiction concerning specified acts that the Family Court and Criminal Courts of the State of New York share. Family Court Act Article 8, 812(1)." However, he mistakenly relies only on Article 20 of the Criminal Procedure Law which provides that "this state can entertain jurisdiction over on (sic) conduct that has . . . occurred with (sic) this state . . .'"
 In relevant part, FCA 812 provides ". . . the family court and criminal courts shall have concurrent jurisdiction over any proceeding concerning acts which would constitute disorderly conduct, . . . between spouses or former spouses, or between parent and child or . . ."
 FCA 818, in relevant part, states, "Proceedings under this article may be originated in the county in which the act or acts referred to in the petition allegedly occurred or in which the family or household resides or in which any party resides.
[*3]
The initial petition alleged that the petitioner, D.M., and the child, C.J.M., resided in Nassau County at the time of its filing. The petition further indicated that they left Virginia due to incidents of domestic violence. Accordingly, this court properly exercised its jurisdiction.
As to the issue of custody under an Article 8 proceeding, FCA 828, in relevant part states: "Upon the filing of a petition or counter-claim under this article, the court for good cause shown, may issue a temporary order of protection, which may contain any provision authorized on the making of an order of protection under section eight hundred forty-two, provided that the court shall make a determination, and the court shall state such determination in a written decision or on the record, whether to impose a condition pursuant to this subdivision, provided further, however that the failure to make such determination shall not affect the validity of such order of protection."
FCA 842, in relevant part states: "An order of protection under section eight hundred forty-one of this part shall set forth reasonable conditions of behavior to be observed for a period not in excess of two years . . .The court may also award custody of the child, during the term of the order of protection to either parent . . "
The Summons served upon the respondent contained NOTICE, in relevant part, ". . . Where the respondent has been served with this summons and petition (sic) does not appear, the Family Court may proceed to a hearing with respect to issuance or enforcement of the order of protection."
The Temporary Order Of Protection likewise contained NOTICE, in relevant part, ". . . IF YOU FAIL TO APPEAR IN COURT WHEN YOU ARE REQUIRED TO DO SO, THIS ORDER MAY BE EXTENDED IN YOUR ABSENCE AND CONTINUE IN EFFECT UNTIL YOU APPEAR IN COURT."
The proceedings in this court were conducted pursuant to Article 8 of the Family Court Act.
Assuming arguendo that this matter was subject to the Uniform Child Custody Jurisdiction And Enforcement Act (UCCJEA), this court, based upon the information before it on 12/29/03, would have reached the same conclusion pursuant to section 76-c. "Temporary Emergency Jurisdiction."
Section 76-c reads: 1. A court, of this state has temporary emergency jurisdiction if the child is present in this state and the child has been abandoned or it is necessary in an emergency to protect the child, a sibling or parent of the child. 2. If there is no previous child custody determination that is entitled to be enforced under this article and a child custody proceeding has not been commenced in a court of a state having jurisdiction under sections seventy-six through seventy-six-b of this title, a child custody determination made under this section remains in effect [*4]until an order is obtained from a court of a state having jurisdiction under sections seventy-six through seventy-six-b of this title. Where the child who is the subject of a child custody determination under this section is in imminent risk of harm, any order issued under this section shall remain in effect until a court of a state having jurisdiction under sections seventy-six through seventy-six-b of this title has taken steps to assure the protection of this child.
This court would have had jurisdiction since the petitioner and the child were present in this state and that it appeared to be necessary to protect the child or the parent of the child.
To this court's knowledge, on 12/29/03, there was no proceeding pending in any other court. However, the Virginia court knew, or should have known, that this court issued a temporary order of protection which also awarded temporary custody of the child to the petitioner. The respondent, upon the filing of his petition in Virginia, should have informed the Virginia court of the action already taken by this court.
To its knowledge, this court was not contacted by any other court regarding a pending custody proceeding. This court is unaware of what information the respondent gave the Virginia court in his petition seeking custody of the child. To date, this court has not been notified of what, if any, steps have been taken to assure the protection of the child.
Needless to say, had the respondent appeared in this action, the foregoing discussion would have been moot.
It is well settled that whether or not to relieve a party from an order entered on default is left to the sound discretion of the court. [See, Matter of Vanessa, 263 AD2d 542 (2nd Dept 1999) citing M.D. & Son Contr. v. American Props., 179 AD2d 519 (1st Dept 1992); Silveri v. Laufer, 179 AD2d 633 (2nd Dept 1992)].
A party seeking to vacate a default must establish a reasonable excuse for the default and a meritorious defense. [Matter of Vanessa, supra; also Thattil v. Mandesir, 275 AD2d 408 (2nd Dept)]. The respondent has set forth neither.
When a party seeks to vacate a default judgment based upon lack of jurisdiction, the court must first dispose of the jurisdictional issues before entertaining any other ground for vacatur. If jurisdiction is sustained, and no other ground to vacate the default is presented, the motion to vacate the default will be denied. [See, Seigel Practice Commentaries (McKinney's Consolidated Laws of New York, Book 7B, CPLR 5015(9)].
In the present matter, the respondent's sole basis for vacatur is lack of jurisdiction, (CPLR 5015(4)). Since this court has already determined it had jurisdiction and since the respondent has failed to allege other grounds for the default, the court need go no further with its analysis.
[*5]
However, in the instant matter, had the respondent presented an argument based upon excusable default, (CPLR 5015(a)(1), this court's decision would have been the same since the respondent waited a minimum of approximately 17 months to seek to modify or vacate said Order.
It should be noted that on October 17, 2005, this court modified the Final Order of Protection under Docket No. O-15214-03 to allow visitation as arranged by the attorneys, the law guardian and EAC, under the following terms and conditions: supervised by EAC.
ACCORDINGLY, the application to vacate and or modify the Order dated 3/31/04, as requested in the Order To Show Cause, is denied in all respects.
This constitutes the Decision and Order of this Court.
ORDERED
_________________________
HON. JOHN G. MARKS
Judge of the Family Court
Dated: January 11, 2006