OPINION OF THE COURT
Gerald Lebovits, J.
*995 Respondents in this nonprimary residence holdover proceeding move to dismiss the petition on the ground that petitioner did not mail to their correct address the combined predicate notice of termination and nonrenewal.
Respondents are rent-stabilized tenants at 245 East 63rd Street, apartment 25-C, in Manhattan, with a lease in both their names. Petitioner sent its predicate notice by mail — certified and regular mail — to apartment 1114, the wrong apartment. Petitioner also sent an identical mailing to respondent Leonard at his alleged alternative address in Spencertown, New York. Petitioner did not attempt any form of service of the predicate notice other than these mailings.
Had petitioner served the predicate notice by mail, service would have been proper (see e.g. Trojan v Wisniewska, 8 Misc 3d 382, 389-390 [Hous Part, Civ Ct, Kings County 2005]; Mauro v Thorsen, NYLJ, Dec. 4, 1991, at 25, col 5 [Hous Part, Civ Ct, NY County]), so long as the mail was sent to the correct address (see e.g. 2290 12th Ave. LLC v Doe, NYLJ, Dec. 5, 2002, at 22, col 5 [Civ Ct, NY County]).
It is undisputed that petitioner never mailed the predicate notice to respondent Landou’s correct address, or even to his alleged alternative address. This proceeding must therefore be dismissed against him.
Petitioner argues that this proceeding should survive against respondent Leonard. Leonard instructed the United States Postal Service to forward his mail from Manhattan to Spencer-town. In accordance with that instruction, the Postal Service delivered the Manhattan mailing, despite the wrong apartment number, to Spencertown, where Leonard signed for it.
The general rule is that an incorrect address on a mailing must lead to dismissal, for the court will not have acquired personal jurisdiction. (See Soils Eng’g Servs. v Donald, 258 AD2d 425, 426 [1st Dept 1999, mem] [noting that court lacked personal jurisdiction over defendant because “(p)laintiff . . . failed to establish that the summons was mailed to the correct address”]; Foster v Cranin, 180 AD2d 712, 712-713 [2d Dept 1992, mem] [finding that “since (mailing after substituted service) was mailed to an incorrect and incomplete address, . . . the complaint was properly dismissed for improper service of process”].) The court will lack personal jurisdiction even when a plaintiff includes the wrong zip code in a summons and complaint in a plenary action (Avakian v De Los Santos, 183 AD2d 687, 688 [2d Dept 1992, mem]) or when a petitioner does *996 so in a required mailing following conspicuous-place service of a petition and notice of petition in a summary proceeding (New York City Hous. Auth. v Fountain, 172 Misc 2d 784, 794 [Hous Part, Civ Ct, Bronx County 1997], citing 6 RCNY 2-238; but see Karlsson & Ng v Cirincione, 186 Misc 2d 359, 360-361 [Civ Ct, NY County 2000] [noting that CPLR 308 (2) service in plenary action is valid even if mailing following substituted service contains wrong zip code]).
Like all general rules, the one requiring dismissal for an incorrect address or zip code has exceptions. In Bergdoll v Pentecoste (17 AD3d 613 [2d Dept 2005, mem]), the Court declined to vacate a default judgment when a mailing, sent to the wrong address, was forwarded to the defendant nevertheless. Based on that case, petitioner argues that the mailing in this proceeding is valid because Leonard received it. The court disagrees. The Bergdoll exception does not apply here.
The issue in Bergdoll was not service. The service of the summons and complaint in Bergdoll was proper, and accordingly the motion court had jurisdiction over the defendant. The issue in Bergdoll, rather, was whether the motion court should have excused the default of a defendant who by happenstance received a misaddressed mailing of the summons and complaint, a supplemental mailing required by CPLR 3215 (g) (3). (See 17 AD3d at 613.)
Bergdoll is inapposite because a mailing that satisfies “CPLR 3215 (g) (3) notice is not jurisdictional. Thus, failure to give CPLR 3215 (g) (3) notice simply prevents entry of a default judgment and does not require dismissal of the action.” (Palais Partners v Vollenweider, 173 Misc 2d 8, 12 [Civ Ct, NY County 1997] [citation omitted]; accord Columbus Realty Inv. Corp. v Weng-Heng Tsiang, 226 AD2d 259, 259 [1st Dept 1996, mem].) Here, on the other hand, correctly mailing a predicate notice is a jurisdictional prerequisite.
By happenstance, Leonard received a mailing because the Postal Service forwarded his Manhattan mail to Spencertown. As petitioner put it at oral argument, “We got lucky.” But notice is a matter of due process, not getting lucky, and “[w]hen the requirements for service of process have not been met, it is irrelevant that defendant may have actually received the documents.” (Raschel v Risk, 69 NY2d 694, 697 [1986, mem]; accord Macchia v Russo, 67 NY2d 592, 595 [1986, per curiam].)
Given that the combined predicate notice of termination and nonrenewal were mailed incorrectly, it is irrelevant that *997 respondents’ correct address appears on the notice itself. The issue in this proceeding is not whether the premises were misdescribed but whether the predicate notice was misdirected. (Cf. Kit Ming Corp. v Lau Tsang, 2001 NY Slip Op 40305[U], *1 [App Term, 1st Dept. Sept. 21, 2001, per curiam] [affirming validity of termination notice and petition that misdescribed commercial premises and noting lack of jurisdictional defect because “there was no misdirection of process or confusion as to the location of tenant’s space in landlord’s building”]; 190 Riverside Dr. v Nosei, 185 Misc 2d 696, 697, 698 [App Term, 1st Dept 2000] [finding only that nonrenewal notice giving apartment as “6E” rather than “6C” “could not have materially misled or confused this sixth-floor tenant or hindered the preparation of her defense” and “not address(ing) the adequacy of the landlord’s method of service of the nonrenewal notice, an issue which cannot be determined on the papers submitted below”].)
The petition is dismissed against both respondents.