Reyes v 45 & 47 Wadsworth Ave. Co., LLC (2025 NY Slip Op 06038)

Reyes v 45 & 47 Wadsworth Ave. Co., LLC

2025 NY Slip Op 06038

Decided on October 30, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 30, 2025

Before: Moulton, J.P., González, Higgitt, Michael, JJ. 

Index No. 27196/16|Appeal No. 5073|Case No. 2024-03926|

[*1]Elidis Reyes, Plaintiff-Respondent-Appellant,
v
45 & 47 Wadsworth Avenue Company, LLC, et al., Defendants, Verizon New York Inc., et al., Defendants-Appellants-Respondents, Nico Asphalt Paving, Inc., et al., Defendants-Respondents. [And a Third-Party Action]

McAndrew, Conboy & Prisco, Melville (Robert M. Conboy of counsel), for appellants-respondents.
Law Office of Patrick J. Mullaney, P.C., New York (Kenneth J. Gorman of counsel), for respondent-appellant.
Law Offices of Brian Rayhill, Elmsford (Amory C. Minot of counsel), for Nico Asphalt Paving, Inc., respondent.

Order, Supreme Court, Bronx County (Elizabeth A. Taylor, J.), entered June 17, 2024, which, to the extent appealed from as limited by the briefs, granted so much of defendant Nico Asphalt Paving, Inc.'s motion for summary judgment dismissing the complaint as against it, and granted so much of defendants Verizon New York Inc.'s and Empire City Subway Company (Limited)'s (ECS; together, Verizon/ECS) separate motion for summary judgment dismissing the complaint as against ECS, but denied so much of that motion as was for summary judgment dismissing the complaint as against Verizon, unanimously modified, on the law, to deny Nico's motion, and to deny so much of Verizon/ECS's motion for summary judgment dismissing the complaint as against ECS, and otherwise affirmed, without costs.
Plaintiff alleges to have tripped and fallen due to a defect in a crosswalk caused by defendants' prior work in the roadway. Nico and ECS established their prima facie entitlement to summary judgment by relying on a photograph, marked as exhibit H at plaintiff's deposition, on which she circled the area "where [her] foot was at the time that [she] twisted and [she] went down," together with records indicating that the work performed by Nico and ECS was some distance away from the area that plaintiff identified as the location of the defect (see e.g. Shechter v City of New York, 17 AD3d 124, 125 [1st Dept 2005]).
However, plaintiff raised an issue of fact by relying on a different photograph, marked as exhibit D at the same deposition, on which a red Post-it arrow flag had been placed which, plaintiff testified, pointed "[t]o the hole where [she] fell." Although plaintiff appears to have marked two different locations on exhibit H and exhibit D, this testimony did not raise feigned issues of fact (cf. Polanco v Durgaj, 202 AD3d 638, 638 [1st Dept 2022]; Laniox v City of New York, 170 AD3d 519, 520 [1st Dept 2019], affd 34 NY3d 994 [2019]), nor was it "tailored to avoid the consequences of her earlier testimony" (Philips v Bronx Lebanon Hosp., 268 AD2d 318, 320 [1st Dept 2000]). This is because plaintiff testified about exhibit D only minutes after she testified about exhibit H, and no discrepancy was identified in her testimony about the two photographs at the deposition. Rather, given that the areas identified by plaintiff on the two photographs appear to be only a short distance from one another, this inconsistency merely raises issues that go to plaintiff's credibility and the weight to be afforded to either or both photographs (see Carasco v Schlesinger, 222 AD3d 476, 477 [1st Dept 2023]; Latif v Eugene Smilovic Hous. Dev. Fund Co., Inc., 147 AD3d 507, 508 [1st Dept 2017]). Accordingly, Nico and ECS should not have been granted summary judgment dismissing the complaint as against them.
The court properly denied so much of Verizon/ECS's motion for summary judgment dismissing the complaint as against Verizon, and we affirm that portion of the order, but for a different reason. ECS is a wholly owned subsidiary of Verizon. Generally, "unless a parent corporation exercises complete domination and control over a wholly owned subsidiary, it is exempt from liability for torts committed by the subsidiary" (Margolin v Sonesta Intl. Hotels Corp., 85 AD2d 548, 548 [1st Dept 1981]). However, because Verizon/ECS adduced no evidence in support of their motion as to the relationship between them and the extent to which Verizon dominated or controlled ECS, if at all, and in light of our determination that a tort claim exists against ECS for which Verizon could potentially be vicariously liable, Verizon was not entitled to summary judgment dismissing the complaint against it.
We have considered the remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 30, 2025